UNITED STATES of America, Appellee,

v.

Patrick Joseph MATTER, Appellant.

No. 86–5285.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1987.

Decided May 8, 1987.

Rehearing and Rehearing En Banc
Denied June 25, 1987.

John R. Wylde, Jr., Minneapolis, Minn., for appellant.

John M. Lee, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, BOWMAN, and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

Patrick Joseph Matter appeals his conviction under 18 U.S.C. App. § 1202(a)(1) for possession of a firearm after being previously convicted of a felony. We affirm, holding that the district court[1] did not err in denying Matter's motions to dismiss the indictment.

Matter contends that he was not a "convicted felon" within the meaning of 18 U.S.C. App. § 1202(a)(1).[2] In 1977, Matter was convicted in Minnesota state court of defeating security on personalty, a crime punishable by imprisonment for up to two years and a fine of up to $2,000. Minn. Stat. § 609.62(2) (1984). Imposition of the sentence was stayed, however, and Matter was placed on probation for two years. Under Minnesota law, a conviction is deemed to be for a misdemeanor if the imposition of the sentence is stayed, the defendant is placed on probation, and he is discharged without sentence. Minn.Stat. § 609.13(2).

■ In *United States v. Woods*, 696 F.2d 566 (8th Cir.1982), and again in *United States v. Millender*, 811 F.2d 476 (8th Cir. 1987), this court held that federal law determines whether a person is a convicted felon for purposes of the federal firearms statutes. "Felony" is defined in 18 U.S.C. App. § 1202(c)(2) as any offense punishable by imprisonment for a term exceeding one year, but does not include any offense classified as a misdemeanor under the laws of a state and punishable by a term of two years or less. Minnesota Statutes section 609.02(2) defines felony as a crime "for which a sentence of imprisonment for more than one year may be imposed." Thus, by definition, a violation of Minn.Stat. § 609.-62 is a felony. We therefore hold that Matter was a convicted felon within the meaning of 18 U.S.C. App. § 1202(a)(1).[3]

■ Matter next contends that he was the victim of unconstitutional, arbitrary, and selective prosecution because of his membership in the Hell's Angels Motorcycle Club. We do not agree.

To establish a prima facie case of selective prosecution,

> [t]he defendant must demonstrate that (1) "he has been singled out for prosecution while others similarly situated have not been prosecuted" for similar conduct, and (2) "the government's action in thus singling him out was based on an impermissible motive such as race, religion, or the exercise by defendant of constitutional rights." The defendant's burden is a

---

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

2. 18 U.S.C. App. § 1202(a)(1) reads, in pertinent part:
   (a) Any person who—
   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, * * *
      *    *    *    *    *    *
   and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

3. We make no determination whether recent amendments to 18 U.S.C. § 921(20) affect this court's holdings that federal law determines whether a person is a convicted felon for purposes of the federal firearm statutes. The effective date of these amendments does not apply to the present conviction.

heavy one, and because we afford broad discretion to prosecuting authorities, we require "a showing of 'intentional and purposeful discrimination.'" Absent this prima facie showing, the prosecution will be presumed to have been undertaken in good faith. (citations omitted) *United States v. Hintzman*, 806 F.2d 840, 842 (8th Cir.1986). As proof of his selective prosecution claim, Matter points to two newspaper stories that indicated that his arrest was a part of a federal crackdown against motorcycle clubs and that other Hell's Angels' members across the country were indicted at the same time he was. This evidence, however, does not satisfy the "heavy burden" of establishing a prima facie case of selective prosecution. Nowhere in the record is there proof that Matter was singled out for prosecution while similarly situated persons—convicted felons—were not prosecuted for similar conduct. Even assuming, however, that Matter has satisfied the first prong of the test, he has not shown that he was prosecuted because of his membership in the Hell's Angels. Testimony at trial established only that one of the reasons Matter was investigated and later indicted was his membership in the Hell's Angels. "In our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985) (citing *United States v. Goodwin*, 457 U.S. 368, 380 n. 11, 102 S.Ct. 2485, 2492 n. 11, 73 L.Ed.2d 74 (1982)). The mere conscious exercise of some selectivity in enforcement does not in itself create a federal constitutional violation. *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446 (1962); *United States v. Catlett*, 584 F.2d 864, 866 (8th Cir.1978). Further, although other motorcycle club members were indicted at the same time as Matter, testimony at trial established that the indictments were returned simultaneously to lessen the probability of flight, not to effectuate a plan of discriminatory prosecution. The simultaneous return of indictments thus does not in and of itself demonstrate an impermissible motive on behalf of the government.

Matter also maintains that the district court erred in denying him discovery of government documents in order to substantiate his allegations of selective prosecution. A mere allegation of selective prosecution by the defendant, however, does not require the government to disclose the contents of its files. *Catlett*, 584 F.2d at 865. "The defendant must first make a preliminary or threshold showing of the essential elements of the selective prosecution defense." *United States v. Jacob*, 781 F.2d 643 (8th Cir.1986). As discussed above, no such showing was made.

Likewise, we reject Matter's contention that the three-year delay between the date of the offense and the date of the indictment is evidence of selective prosecution in view of the government's explanation that the investigation remained open and active from 1984 to the date the indictments were returned and Matter was arrested.

The conviction is affirmed.