**STATE of Minnesota, Respondent,**

v.

**Robert Leonard OLSON, Appellant.**

**No. C2–89–1436.**

Court of Appeals of Minnesota.

Feb. 27, 1990.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka County Atty., Marcy S. Crain, Asst. County Atty., Bryan R. Lindberg, Asst. County Atty., Anoka, for respondent.

Daniel B. Johnson, Meyer, Njus, Anderson, Johnson & Nettles, P.A., Minneapolis, for appellant.

Considered and decided by
WOZNIAK, C.J., and KALITOWSKI
and KLAPHAKE, JJ.

## OPINION

KALITOWSKI, Judge.

### FACTS

On November 10, 1977, appellant Robert Leonard Olson pleaded guilty to the felony of theft by trick over $2,500. On January 15, 1978, the Hennepin County district court stayed imposition of Olson's sentence until January 14, 1981, and placed Olson on probation. On October 10, 1980, Olson was discharged from probation and the stay of imposition of sentence was made permanent.

On October 26, 1988, Olson was arrested for several driving offenses. The officer at the scene ordered a tow truck for Olson's car and conducted an inventory search of the vehicle. Under the driver's seat, the officer found a handgun. Olson was charged with illegally possessing a pistol within ten years after having been convicted of a "crime of violence," namely felonious theft. Olson pleaded not guilty to this offense.

Olson had been issued a gun permit in May of 1987 by the chief of police of Savage, Minnesota. The chief of police testified that before he issued the permit, he checked Olson's record and found the theft conviction. The chief concluded that Olson's conviction had been converted to a misdemeanor pursuant to Minn.Stat. § 609.13 and therefore was no longer a "crime of violence."

Upon stipulated facts, the trial court found Olson guilty and sentenced him to a period of 15 months stayed, five years probation on the condition that he serve 60 days in jail with credit for time served and work release if he were eligible. Olson appeals this conviction.

### ISSUE

Does a conviction for felony theft, which was deemed a misdemeanor pursuant to Minn.Stat. § 609.13, make a person ineligible to possess a pistol under Minn.Stat. § 624.713?

### ANALYSIS

Olson challenges his conviction of possession of a pistol by an ineligible person under Minn.Stat. § 624.713 (1988). He claims that his prior felony theft conviction is deemed to be a misdemeanor by law. Therefore, Olson argues he is not guilty of a "crime of violence" to make him ineligible to possess a pistol. We agree.

Since there are no facts in dispute, the only question before this court is one of law.

Olson was convicted of possessing a pistol in violation of Minn.Stat. § 624.713 (1988), which states in pertinent part:

**Subdivision 1. Ineligible persons.** The following persons shall not be entitled to possess a pistol:

\*   \*   \*   \*   \*   \*

(b) a person who has been convicted in this state or elsewhere of a crime of violence unless ten years have elapsed since the person has been restored to civil rights or the sentence has expired, \* \* \*.

A person who violates this statute is guilty of a felony. Minn.Stat. § 624.713, subd. 2.

Minn.Stat. § 624.712 (1988), which defines "crime of violence," includes felony theft but not misdemeanor theft. Although Olson's conviction in 1978 was for a felony, he received a stayed sentence and was discharged from probation without serving any time in jail. His felony conviction, therefore, is deemed a misdemeanor by operation of law:

**Subdivision 1.** Notwithstanding a conviction is for a felony:

\*   \*   \*   \*   \*   \*

(2) The conviction is deemed to be for a misdemeanor if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence.

Minn.Stat. § 609.13, subd. 1 (1988).

To consider Olson's conviction in 1977 a felony for purposes of section 624.713 would defeat the legislature's intent in enacting section 609.13, as stated in the advisory committee comment:

There is no similar provision in the present law. It adopts the California law which has worked successfully.

It is believed desirable not to impose the consequences of a felony if the judge decides that the punishment to be imposed will be no more than that provided for misdemeanors or gross misdemeanors.

Since Olson was sentenced for a misdemeanor, he should only suffer the consequences of a misdemeanor theft conviction. Therefore, he should not be considered ineligible to possess a pistol under section 624.713.

The state argues that the trial court reached the correct result by applying *United States v. Matter*, 818 F.2d 653 (8th Cir.1987). In *Matter*, the defendant had received a stay of imposition following a conviction for a felony in Minnesota. Under Minnesota law, the felony was deemed a misdemeanor pursuant to Minn.Stat. § 609.13. However, the eighth circuit held that under federal law, the defendant was a convicted felon for purposes of the federal gun control laws. The eighth circuit noted,

Minnesota Statutes § 609.02(2) defines felony as a crime 'for which a sentence of imprisonment for more than one year may be imposed.' Thus, by definition, a violation of Minn. Stat. § 609.62 is a felony.

*Matter*, 818 F.2d at 654. The state argues that since the federal courts look to Minnesota's definition of a felony under section 609.02 in determining whether a person was convicted of a felony for purposes of the federal gun control laws, the state courts should also look to section 609.02 in determining whether a person was convicted of a felony for purposes of the state gun control laws.

We disagree. The eighth circuit was permitted to ignore Minn.Stat. § 609.13 when construing the federal gun control laws. The court acknowledged that under Minnesota law, the defendant's conviction is deemed a misdemeanor. It went on to say, however, that federal law, not state law, determines whether a person is a convicted felon for purposes of the federal firearms statutes. *Matter*, 818 F.2d at 654. Since there is no federal statute equivalent to Minn.Stat. § 609.13, the eighth circuit was not required to deem the defendant's felony conviction a misdemeanor even though it was deemed a misdemeanor under Minnesota law. However, we believe Minnesota law must govern whether a person is a convicted felon for purposes of Minnesota's gun control laws.

Further, we believe if the legislature intended that a person whose felony conviction is deemed a misdemeanor pursuant to section 609.13 is to be considered convicted

of a "crime of violence" for purposes of the gun control act, it would have amended section 609.13 to say so. In 1987, the legislature amended Minn.Stat. § 609.168 regarding the effect of an order by a court setting aside a conviction, and Minn.Stat. § 638.02, concerning persons pardoned for their crimes.

In these amendments the legislature provided that persons who were convicted of "crimes of violence," but whose convictions were pardoned or otherwise set aside are still ineligible to possess a firearm under the gun control laws. Had the legislature intended that persons whose felony convictions were deemed a misdemeanor under section 609.13 were to be similarly restricted it presumably would have amended section 609.13 to include such a provision.

## DECISION

Olson's 1977 theft conviction which was deemed a misdemeanor by operation of law cannot be considered a felony theft conviction for purposes of Minn.Stat. § 624.713.

Reversed.