**STATE of Minnesota, Respondent,**

v.

**Joseph Chan MOON, Appellant.**

**No. CX–89–1734.**

Court of Appeals of Minnesota.

May 15, 1990.

Review Granted July 13, 1990.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Hubert H. Humphrey, III, Atty. Gen., Lori M. Mittag, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Robert M. Wallner, Kief, Fuller, Baer, Wallner & Rodgers, Ltd., Bemidji, for appellant.

Considered and decided by RANDALL, P.J., and FOLEY, and GARDEBRING, JJ.

## OPINION

GARDEBRING, Judge.

This is an appeal from the trial court's denial of appellant's motion to strike the language from his February 1989 order of discharge which prohibits his right to ship, transport, possess or receive firearms for 10 years. He argues that because his felony conviction was reduced to misdemeanor status, the firearms restriction is not applicable. Further, he argues that Minn.Stat. § 609.165, subd. 1a (1988) is an ex post facto law as applied to him. We reverse.

## FACTS

The facts are undisputed. Appellant Joseph Moon pleaded guilty to felony theft in December 1987 for acts that occurred between September 1984 and November 1986. In March 1988, the trial court stayed imposition of appellant's sentence. In February 1989, the trial court issued appellant's order of discharge from probation, which included the following prohibition:

> You are not entitled to ship, transport, possess or receive a firearm until 10 years have elapsed since you have been restored to civil rights and during that time you are not to have been convicted of any other crime of violence.

The trial court included this language pursuant to Minn.Stat. § 609.165, subd. 1a (1988).

In February 1989, appellant moved to have this language stricken from the order

of discharge. The trial court denied his motion and this appeal followed. This court granted discretionary review.

## ISSUES

1. Did the trial court err in prohibiting appellant's possession of firearms when his conviction for felony theft was deemed a misdemeanor under Minn.Stat. § 609.13, subd. 1(2) (1988)?

2. Is Minn.Stat. § 609.165, subd. 1a (1988) an ex post facto law as applied to appellant?

## ANALYSIS

### I.

■ Appellant argues the trial court erroneously restricted his right to possess firearms. We agree. Because appellant's felony theft conviction was reduced to a misdemeanor by law, the prohibition against possessing firearms is not applicable to appellant's order of discharge. Minn.Stat. § 609.165, subd. 1a (1988).

Appellant pleaded guilty to felony theft (Medicaid fraud). Felony theft, but not misdemeanor theft, is expressly included as a "crime of violence" under Minn.Stat. § 624.712, subd. 5 (1988). The trial court stayed imposition of appellant's prison sentence and placed him on probation. Ultimately, he was discharged without a prison sentence.

Minn.Stat. § 609.13, subd. 1(2) (1988) provides that:

> Notwithstanding a conviction is for a felony:
>
> \*   \*   \*   \*   \*   \*
>
> (2) The conviction is deemed to be for a misdemeanor if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence.

The advisory committee comment reflects the statute's purpose:

> It is believed desirable *not to impose the consequences of a felony* if the judge decides that the punishment to be imposed will be no more than that provided

for misdemeanors or gross misdemeanors.

Minn.Stat. § 609.13 advisory committee comment, *reprinted in* 40 Minn.Stat.Ann. 118 (West 1987) (emphasis added).

Notwithstanding this provision, the trial court included in appellant's order of discharge a restriction on his use of firearms. Minn.Stat. § 609.165, subd. 1a states that an order of discharge:

> must provide that a person who has been convicted of a *crime of violence* * * * is not entitled to ship, transport, possess, or receive a firearm until ten years have elapsed since the person was restored to civil rights and during that time the person was not convicted of any other crime of violence.

(Emphasis added.)

To properly deal with the issue on appeal we must harmonize sections 609.165 and 609.13. Appellant's 1987 felony theft conviction was properly reduced to misdemeanor status by his compliance with terms of probation and ultimate discharge without sentence. Because misdemeanor theft is not a crime of violence, the critical element of section 609.165 is not satisfied. Therefore, the trial court erred in prohibiting appellant's right to ship, transport, possess or receive firearms for 10 years after his February 1989 order of discharge. This conclusion is consistent with legislative intent not to impose the consequences of a felony—in this instance, the prohibition of the use of firearms—if the judge originally treated the offense as a misdemeanor. *See State v. Olson,* 451 N.W.2d 672 (Minn.App. 1990) (a felony theft conviction reduced to misdemeanor status is not a conviction of a crime of violence to determine eligibility to possess a pistol under Minn.Stat. § 624.713).

■ The state's reliance on case law dependent upon specific provisions of the rules of evidence and the criminal sentencing guidelines is misplaced. Felonies reduced to misdemeanor status are admissible for impeachment purposes under Minn. R.Evid. 609. *State v. Skramstad,* 433 N.W.2d 449, 452 (Minn.App.1989), *pet. for rev. denied* (Minn. Mar. 13, 1989). But the language of Minn.R.Evid. 609 allows admission based on the maximum sentence possible at the time of conviction, without consideration of whether the conviction was subsequently reduced to misdemeanor status. *Skramstad,* 433 N.W.2d at 453. In contrast, no such qualification controls Minn.Stat. § 624.712, subd. 5, and, therefore, *Skramstad* is distinguishable.

The state's reliance on *State v. Clipper,* 429 N.W.2d 698 (Minn.App.1988), is also unpersuasive. In *Clipper* the court held a criminal history point was properly assigned for a prior felony despite the stay of imposition of sentence. *Id.* at 701. But the sentencing guidelines expressly require assignment of "one [criminal history] point for every felony conviction * * * for which a stay of imposition of sentence was given * * *." Minnesota Sentencing Guidelines II.B.1. No specific reference is made to a stay of imposition in determining a crime of violence, however, and hence *Clipper* does not conflict with our decision.

■ Finally, the state's argument that case law interpreting the federal gun control law supports the trial court's decision lacks merit. In *United States v. Matter,* 818 F.2d 653, 654 (8th Cir.1987), the eighth circuit held the defendant was a convicted felon within the meaning of the federal firearms statute even though under Minnesota law his felony conviction was reduced to misdemeanor status. Federal law determines whether a person is a convicted felon for purposes of the federal firearms statute. *Id.* Here, however, state law controls. We conclude appellant's felony conviction was properly deemed a misdemeanor so as to make application of Minn.Stat. § 609.165, subd. 1a inappropriate.

## II.

Because we reverse the trial court for incorrectly applying Minn.Stat. § 609.165 to these circumstances, we do not reach the question whether Minn.Stat. § 609.165 is an ex post facto law as applied to appellant.

## DECISION

The trial court erred in applying Minn. Stat. § 609.165, subd. 1a when appellant's

**512**

felony theft conviction was reduced to misdemeanor status.

Reversed.

RANDALL, Judge, concurring specially.

I concur specially because, while in complete accord with the majority on issue one, I would go on to answer issue two in the affirmative and hold that, on these facts, had Minn.Stat. § 609.615, subd. 1a been applied against appellant, it would have violated the constitutional prohibition against ex post facto legislation. Thus, for both reasons I would reverse.

For a penal law to be ex post facto, two critical elements must be present: it must apply to acts which occur before its enactment, and it must increase the punishment for an offense. *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). Here, appellant pleaded guilty to the charge of felony theft for acts committed between September 1984 and November 1986. On May 29, 1987, the legislature passed Minn.Stat. § 609.165, subd. 1a, which makes felons convicted of crimes of violence ineligible to possess any firearm until 10 years after the felon's civil rights are restored. Prior to the enactment of this provision, state law prohibited convicted felons only from possessing pistols, not all firearms. Thus, if section 609.165, subd. 1a were applied in this case it would violate the constitutional prohibition against ex post facto legislation.