**STATE of Minnesota, Respondent,**

v.

**Rex Lee FURMAN, Appellant.**

**No. CX–99–892.**

Court of Appeals of Minnesota.

April 4, 2000.

Mike Hatch, Attorney General, St. Paul, and Amy Klobuchar, Hennepin County Attorney, Beverly J. Benson, Assistant County Attorney, Minneapolis (for respondent).

John M. Stuart, State Public Defender, Ann McCaughan, Assistant State Public Defender, Minneapolis (for appellant).

Considered and decided by CRIPPEN, Presiding Judge, KLAPHAKE, Judge, and SHUMAKER, Judge.

## OPINION

CRIPPEN, Judge.

Appellant Rex Furman, who received a ten-year conditional-release term as part of his sentence, contends it should have been for a five-year term. He argues that the trial court could not consider his 1981 conviction because imposition of sentence for that crime was stayed. We affirm the trial court's conclusion that the 1981 conviction remains a "conviction" for purposes of the conditional-release statute.

## FACTS

Appellant was convicted of first-degree criminal sexual conduct on January 13, 1999. He had been convicted of fourth-degree criminal sexual conduct in 1981, but the sentencing court stayed imposition of the sentence. Appellant successfully performed conditions of the 1981 stay and was discharged from the court's jurisdiction in 1986. As a result of the 1981 record, deemed a conviction by the trial court, the court imposed a ten-year conditional-release term under Minn.Stat. § 609.109, subd. 7(a) (1998), rather than the five-year term.

## ISSUE

Was the term of appellant's post-imprisonment conditional release properly set at ten years?

## ANALYSIS

▆▆▆ The interpretation of a sentencing statute is a question of law and is reviewed de novo by this court. *State v. Sheppard*, 587 N.W.2d 53, 54 (Minn.App. 1998), *review denied* (Minn. Jan. 27, 1999). The courts may at any time correct a sentence not authorized by law. *Sheppard*, 587 N.W.2d at 54 (quoting Minn. R.Crim. P. 27.03, subd. 9). This court may review sentences "imposed or stayed to determine whether the sentence is inconsistent with statutory requirements." Minn. R.Crim. P. 28.05, subd. 2.

▆▆▆ If the language of a statute is clear and unambiguous, this court must "give effect to the statute's plain meaning." *Tuma v. Commissioner of Economic Sec.*, 386 N.W.2d 702, 706 (Minn.1986). The terms in question are not ambiguous. The statute provides for the application of a ten-year conditional-release term "(i)f the person was convicted for a violation of [specified sex offenses, including fourth-degree criminal sexual conduct] a second or subsequent time." Minn.Stat. § 609.109, subd. 7(a) (1998).

▆▆▆ In 1981, appellant was convicted of fourth-degree criminal sexual conduct, a felony in violation of Minn.Stat. § 609.345 (1980). Because the imposition of a sentence was stayed in 1981 and appellant was subsequently discharged, transforming the conviction into a misdemeanor, he contends that there remains no "conviction" under Minn.Stat. § 609.109, subd. 7(a). *See* Minn.Stat. § 609.13, subd. 1(2) (1998) (designating conviction as misdemeanor after stayed imposition and discharge); *see also* Minn. Sent. Guidelines, Appendix, Definition of Terms (stating that stay and discharge produce a record of a misdemeanor "for civil purposes (employment applications, etc.)").

Assuming that the 1981 conviction should be treated by statute as a misdemeanor, there is no authority suggesting that this makes the elements of the crime different from what existed at the time of the conviction. And the Minnesota Supreme Court has determined that section 609.13 does not necessarily change the consequences of a separate statute that is based upon the nature or elements of the offense for which a defendant was originally convicted. *See State v. Moon*, 463 N.W.2d 517, 521 (Minn.1990) (firearms restriction correctly applied to defendant despite fact that his felony conviction was deemed misdemeanor under Minn.Stat. § 609.13, as operation of section 609.13 did not alter the nature or elements of offense for which defendant was originally convicted). Regardless of the subsequent

discharge of the stay of imposition, appellant's current conviction remains his second conviction for criminal sexual conduct and the trial court correctly applied the ten-year conditional-release term.

## DECISION

Where appellant was previously convicted of fourth-degree criminal sexual conduct but received a stay of sentencing and was subsequently discharged from the court's jurisdiction, his current sentence correctly included the double conditional-release term provided by law for his second conviction of specified sexual-contact crimes.

**Affirmed.**