**In the Matter of the WELFARE OF P.W.F., Child.**

No. C6–00–1254.

Court of Appeals of Minnesota.

April 17, 2001.

Mike Hatch, Attorney General, St. Paul, MN; and Timothy R. Faver, Beltrami County Attorney, Bemidji, MN; and John

J. Muhar, Itasca County Attorney, Grand Rapids, MN, (for respondent).

Charlann Winking, Assistant State Public Defender, Minneapolis, MN, (for appellant).

Considered and decided by PETERSON, Presiding Judge, SHUMAKER, Judge, and FOLEY, Judge.*

## OPINION

PETERSON, Judge

Appellant P.W.F., a juvenile, challenges a trial court order that concludes that he possessed a dangerous weapon on school property. Appellant argues that the three-inch-blade folding knife that he possessed was not designed as a weapon and, therefore, is not a "dangerous weapon." Because the state failed to submit evidence to show that the knife was designed as a weapon, we reverse.

## FACTS

P.W.F., a high-school student, brought to school a folding-type knife with one sharply pointed blade approximately three inches long. While on the bus ride to school, appellant realized he had the knife in his pocket. He placed the knife in his locker for the entire day. After school, appellant went to a friend's house and left the knife with the friend before returning to school for a dance. Appellant's friend gave the knife to her mother, who called the school principal to report that appellant had brought a knife to school.

Appellant admitted that the knife was his, that he knew he should not have brought it to school, and that he realized that he had the knife before he entered the

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

school. School policy required that any time a student possessed a prohibited weapon on school grounds, the principal must suspend the student and contact the police. The school principal testified that any type of knife on school property violated this policy.

Appellant was charged with possession of a dangerous weapon on school property in violation of Minn.Stat. § 609.66, subd. 1d(a) (1998). The trial court concluded that appellant "did possess, store or keep a dangerous weapon on school property." After a disposition hearing, the court stayed adjudication and placed appellant on probation for one year. This appeal is from the order that concludes that appellant possessed a dangerous weapon on school property.

## ISSUE

Did the state present sufficient evidence to demonstrate that appellant possessed a dangerous weapon on school property?

## ANALYSIS

■ Whoever "possesses, stores, or keeps a dangerous weapon" on school property is guilty of a felony. Minn.Stat. § 609.66, subd. 1d(a) (1998).

"Dangerous weapon" means any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or great bodily harm, any combustible or flammable liquid or other device or instrumentality that, in the manner it is used or intended to be used, is calculated or likely to produce death or great bodily harm, or any fire that is used to produce death or great bodily harm.

Minn. Const. art. VI, § 10.

Minn.Stat. § 609.02, subd. 6 (1998); *see* Minn.Stat. § 609.66, subd. 1d(c)(2) (stating that "dangerous weapon" has the meaning given it in section 609.02, subdivision 6). Whether the trial court applied the proper legal standard in determining that an instrument is a dangerous weapon under the statute is a purely legal question, which we review de novo. *See State v. Basting,* 572 N.W.2d 281, 282 (Minn.1997) (applying de novo standard in determining whether fist was dangerous weapon).

■■■ Because it is undisputed that appellant's knife is not a firearm or a fire and because there is no claim that appellant used or intended to use the knife to produce death or great bodily harm, appellant's knife could be a dangerous weapon only if it was designed as a weapon and was capable of producing death or great bodily harm.

The state submitted no evidence that appellant's knife was designed as a weapon. The trial court's conclusion that appellant possessed a dangerous weapon implies that the court found that the knife was designed as a weapon, but the court made no findings concerning the purpose for which the knife was designed. Absent any evidence that appellant's folding knife was designed as a weapon, we cannot conclude as a matter of law that the knife is a dangerous weapon. A folding knife has many uses, and while it is readily apparent that a folding knife could be used as a weapon, it is not apparent that appellant's small folding knife was designed as a weapon rather than for its many other uses.

■■■ Although the trial court did not state that it was taking judicial notice of the fact that appellant's knife was designed as a weapon, its decision appears to have been based on the judicially noticed fact that the knife was designed as a weapon. A trial court may properly take judicial

notice of facts in criminal proceedings. *See State v. Gerdes,* 291 Minn. 353, 357, 191 N.W.2d 428, 431 (1971) (proper for trial court to take judicial notice of reliability of radar as a means of establishing speed without requiring operator to be qualified as expert in field of radar); *State v. Gorman,* 219 Minn. 162, 173, 17 N.W.2d 42, 47–48 (1944) (courts will take judicial notice of fact that $50 is not unusual fee to pay for expert medical testimony). But

> [j]udicial notice of adjudicative facts is normally limited to facts of common knowledge not in dispute, and those for which neither expertise nor foundation is needed
>
> Criminal cases are not normally the appropriate setting for judicial notice, particularly of disputed facts.

*State v. Pierson,* 368 N.W.2d 427, 434 (Minn.App.1985) (citations omitted).

Justice Frankfurter explained long ago that

> [i]t may be unnecessary to require formal proof, even as to an issue crucial in determining guilt in a criminal prosecution, of what is incontestably obvious. But some showing cannot be dispensed with when an inference is at all doubtful.

*Garner v. Louisiana,* 368 U.S. 157, 175, 82 S.Ct. 248, 258, 7 L.Ed.2d 207 (1961) (Frankfurter, J., concurring).

Whether appellant's knife was designed as a weapon was a disputed issue in the trial court. Because the purpose for which the knife was designed is not a matter of common knowledge, and the inference that the knife was designed as a weapon is not free from doubt, the trial court could not take judicial notice of the fact that the knife was designed as a weapon.

The state had the burden to submit evidence to demonstrate that appellant's three-inch-blade folding knife was designed as a weapon. Because the state

failed to produce any evidence concerning the purpose for which the knife was designed, there is no basis to conclude that the knife is a dangerous weapon. *See State v. Wagner*, 555 N.W.2d 752, 754 (Minn.App.1996) (penal codes must be strictly construed with all reasonable doubts concerning legislative intent resolved in defendant's favor).

### DECISION

The state failed to meet its burden of proving that appellant's knife was designed as a weapon.

**Reversed.**