STATE of Minnesota, Plaintiff,

v.

Larry FOSTER, Defendant.

No. C6–00–1948.

Court of Appeals of Minnesota.

May 29, 2001.

Review Denied Aug. 15, 2001.

Mike Hatch, Minnesota Attorney General, St. Paul, MN; and Amy J. Klobuchar, Hennepin County Attorney, Donna J. Wolfson, Assistant County Attorney, Minneapolis, MN, (for plaintiff).

Keith M. Ellison, Hassan & Reed, LLP, Minneapolis, MN, (for defendant).

Considered and decided by HARRIET LANSING, Presiding Judge, ROBERT SCHUMACHER, Judge, and G. BARRY ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge

Defendant, charged with the crime of felon in possession of a firearm, a violation of Minn.Stat. § 624.713, subd. 1(b), 2 (2000), argues that his prior felony conviction for possession of cocaine is not a felony upon which to base a prosecution for felon in possession of a firearm because his prior conviction was deemed a misdemeanor by order of law. The district court certified the question of whether a prior felony, subject to a stay of imposi-

tion, which thus became a misdemeanor under Minn.Stat. § 609.13, subd. 1(2) (2000), subjects the offender to criminal liability for possession of a firearm. We answer the certified question in the affirmative.

## FACTS

At approximately 3:25 p.m. on June 8, 2000, St. Anthony Police Officer Sunde ran a routine license plate check of a black Lincoln Navigator and discovered an outstanding felony warrant for the arrest of the registered owner, defendant Larry Foster. The officer stopped the vehicle, ordered Foster and his passenger out of the car, and conducted a search of the vehicle. Officer Sunde found a handgun wedged in between the driver's seat and the center console.

When considering criminal charges against Foster, the prosecuting attorney discovered that Foster had been convicted of felony possession of cocaine in 1989. On March 17, 1992, however, the district court ordered Foster's felony conviction reduced to a misdemeanor pursuant to Minn.Stat. § 609.13, subd. 1(2), which provides that despite a conviction for a felony,

> [t]he conviction is deemed to be for a misdemeanor if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence.

Minn.Stat. § 609.13, subd 1(2) (2000).

The state charged Foster with the crime of felon in possession of a firearm, a violation of Minn.Stat. § 624.713, subd. 1(b), 2 (2000), as a result of the discovery of the handgun in Foster's vehicle. Foster moved for an order dismissing the complaint on the grounds that the state lacked probable cause sufficient to proceed to trial because the March 17, 1992 order reduced his felony drug conviction to a misdemeanor by operation of law. The district court certified a question to this court asking whether a defendant who has received a stay of imposition for a felony drug offense and successfully completes probation, resulting in reduction of the felony conviction to a misdemeanor under Minn.Stat. § 609.13, subd. 1(2), can be charged as a felon in possession of a firearm. The district court answered the question in the affirmative.

## ISSUE

Where a defendant pleads guilty to a felony drug offense and receives a stay of imposition of sentence, then successfully completes probation resulting in the sentencing court entering an order restoring the defendant's civil rights and by operation of law the conviction becomes a misdemeanor, and eight years later the defendant is alleged to be found in possession of a pistol, can the state proceed with a prosecution under Minn.Stat. § 624.713, subd. 1(b) (2000)?

## ANALYSIS

Statutory construction is a question of law subject to de novo review. *State v. Moore,* 431 N.W.2d 565, 567 (Minn.App.1988). The object of statutory interpretation is to determine and give effect to the intent of the legislature. Minn.Stat. § 645.16 (2000). If the language of a statute is clear and unambiguous, this court must give effect to the statute's plain meaning. *State v. Furman,* 609 N.W.2d 5, 6 (Minn.App.2000).

"Penal statutes are to be strictly construed with all reasonable doubts concerning legislative intent to be resolved in favor of the defendant." *State v. Wagner,* 555 N.W.2d 752, 754 (Minn.App.1996). But the court is not required to give a statute the narrowest possible interpretation. *Id.*

Minnesota law precludes certain persons from possessing a pistol or semiautomatic military-style assault weapon, including persons convicted of a "crime of violence." Minn.Stat. § 624.713, subd. 1(b), 2 (2000). A "crime of violence" is defined by statute, and includes "felony violations of * * * chapter 152." Minn.Stat. § 624.712, subd. 5 (2000). Foster's conviction for felony possession of cocaine is a felony violation of Minn.Stat. § 152.023, subd. 2, 3 (1988).

Foster argues that his possession of cocaine conviction is not a felony upon which to base a prosecution for the crime of felon in possession of a firearm because his drug conviction was deemed a misdemeanor by order of law. As support, Foster relies on *State v. Olson*, 451 N.W.2d 672 (Minn. App.1990). In *Olson*, a defendant challenged his conviction for possession of a pistol by an ineligible person, a violation of Minn.Stat. § 624.713. *Id.* at 673. The defendant claimed that his prior felony theft conviction was deemed a misdemeanor by law, and therefore, he was not guilty of a "crime of violence" that would make him ineligible, pursuant to Minn.Stat. § 624.713, to possess a pistol. *Id.* This court agreed, holding that a felony disposition deemed a misdemeanor pursuant to section 609.13 was not a "felony" for purposes of determining whether a prior crime was a "crime of violence" within the meaning of Minn.Stat. § 624.712, subd. 5. *Id.* at 674–75.

Subsequent to *Olson*, this court addressed a similar issue in *State v. Moon*, 455 N.W.2d 509, 511 (Minn.App.1990), *rev'd* 463 N.W.2d 517 (Minn.1990). In *Moon*, a defendant convicted of felony theft, later deemed a misdemeanor under section 609.13, argued that his prior theft conviction was not a "crime of violence" preventing the *acquisition* of a firearm. 455 N.W.2d at 510–11. Consistent with *Olson*, this court agreed, stating,

the [district] court erred in prohibiting [defendant's] right to ship, transport, possess or receive firearms for 10 years after his * * * order of discharge. This conclusion is consistent with legislative intent not to impose the consequences of a felony—in this instance, the prohibition of the use of firearms—if the judge originally treated the offense as a misdemeanor.

*Id.* at 511. Upon review, however, the supreme court rejected this court's reasoning. The supreme court concluded that a felony disposed of under section 609.13 was still a "felony" for purposes of the weapons laws. *State v. Moon*, 463 N.W.2d 517, 521 (Minn.1990). The supreme court reasoned:

Initially, we must address whether section 609.165, subdivision 1a [certain convicted felons ineligible to possess firearms], applies to a person who has been convicted of felony theft if the conviction is subsequently deemed to be for a misdemeanor pursuant to section 609.13. The answer depends on whether the legislature intended to impose the firearms restriction based on the nature of the offense for which the individual was convicted or based on the subsequent treatment of the offender.

* * * *

A trial judge, exercising the sentencing discretion permitted under the guidelines, reasonably could conclude that a stay of imposition is appropriate for a particular defendant and that he or she should not be subject to the usual consequences of a felony conviction if he or she successfully completes probation. The legislature, however, reasonably concluded that, in order to protect the public safety, certain convicted criminals should be subject to the federal firearms prohibition even though their civil rights otherwise have been restored. In par-

ticular, the legislature mandated that persons convicted of felonious theft be subject to a 10 year firearms restriction upon restoration to civil rights.

\* \* \* \*

Section 609.13 does not preclude the legislature from imposing consequences, as it did in this case to protect the safety of the public, based on an offender's commission of criminal acts which also constitute felonies. In enacting section 609.165, subdivision 1a, the legislature intended the nature of the offense rather than the subsequent treatment of the offender to be the basis for the imposition of the firearms restriction. *We hold that the definitions of the offenses listed as crimes of violence in section 624.712, subdivision 5, relate to the elements of the offense for which the defendant was originally convicted rather than the disposition subsequently imposed by the trial judge.* Thus because Moon was originally convicted of felony theft, the trial court correctly imposed the firearms restriction upon his discharge from probation.

*Id.* at 520–21 (emphasis added).

Foster contends that *Olson* is dispositive to this case and notes that *Olson* has never been explicitly overruled. In addition, Foster attempts to distinguish *Moon* by pointing out that the defendant in *Moon* was not facing prosecution for a felony but only risked losing the privilege to possess a firearm. Foster correctly notes that the *Olson* case involves the same issue faced by Foster: a prosecution for felon in possession of a firearm, based on a prior felony reduced to a misdemeanor under section 609.13. Foster is also correct in stating that *Olson* has never been expressly overruled.

We conclude, however, that Foster's attempts to distinguish *Moon* from *Olson* and the present case fail. Both *Moon* and *Olson* addressed the same issue albeit through different statutes: whether a prior felony conviction later deemed a misdemeanor would preclude firearm possession. Specifically, the *Moon* court analyzed whether section 609.165, which restricts firearm *ownership* for persons convicted of a "crime of violence" as set forth in section 624.712, subd. 5, applies to a person convicted of a felony later deemed a misdemeanor pursuant to section 609.13. The *Olson* court analyzed whether section 624.713, which restricts firearm *possession* for persons convicted of a "crime of violence" as set forth in section 624.712, subd. 5, applies to a person convicted of a felony later deemed a misdemeanor pursuant to section 609.13. *Olson* and *Moon* ultimately address the definition of "crime of violence" in Minn.Stat. § 624.712, subd. 5, which in turn uses the term "felony" or "felonious" to qualify certain prior convictions. As argued by the state:

> It is wholly unreasonable to suggest that the Minnesota legislature intended that "crimes of violence" would be construed one way for purposes of § 609.165 and an entirely different way for § 624.713. This is particularly so when the two statutes speak to the very same subject: entitlement to possess firearms following conviction of a crime of violence.

We agree, and conclude that the supreme court's decision in *Moon* implicitly overruled this court's holding in *Olson.*

Foster also argues that Minn.Stat. § 609.13, subd. 1(2), clearly and unambiguously converts a felony into a misdemeanor such that the earlier felony no longer exists as a matter of law. Foster's argument is based on the following statutory language:

> Notwithstanding a conviction is for a felony
>
> \* \* \* \*

[t]he conviction is deemed to be for a misdemeanor if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence.

Minn.Stat. § 609.13, subd. 1(2). Foster argues that as a result of this language, he no longer has a predicate felony on his record to base a felon in possession of a firearm charge. The Minnesota Supreme Court, however, specifically stated that "[s]ection 609.13 does not require felony convictions where guilt is adjudicated, but sentencing is stayed, to be treated as misdemeanors in every conceivable situation." *Matter of Woollett,* 540 N.W.2d 829, 833 (Minn.1995) (holding POST Board could bar applicant for peace officer license on grounds of a prior felony where applicant had prior felony disposed of under section 609.13). The supreme court, interpreting *Moon,* went on to say, "[w]e * * * determined that the legislature intended to apply the firearms restriction based upon the nature of the offense committed by the defendant, rather than the actual sentence imposed by the trial court." *Id.*

■ Based on the reasoning of the supreme court in *Moon* and *Woollett,* we conclude that a person convicted of felony possession of cocaine that by operation of law becomes a misdemeanor pursuant to Minn.Stat. § 609.13, subd. 1(2), can be prosecuted for the crime of felon in possession of a firearm, a violation of Minn.Stat. § 624.713, subd. 1(b), 2, because the prior felony drug conviction constitutes a "crime of violence" within the meaning of Minn. Stat. § 624.712, subd. 5.

## DECISION

Defendant, convicted of felony possession of cocaine that by operation of law became a misdemeanor pursuant to Minn. Stat. § 609.13, subd. 1(2) (2000), can be prosecuted for the crime of felon in possession of a firearm in violation of Minn.Stat. § 624.713, subd. 1(b), 2 (2000), because the prior felony possession of cocaine conviction constitutes a "crime of violence" within the meaning of Minn.Stat. § 624.712, subd. 5 (2000).

**Certified question answered in the affirmative.**