**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**David Arnold LIEFERT,**
**Defendant–Appellee.**

No. 00–30327.
D.C. No. CR–00–00009–JDS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2001.

Decided July 30, 2001.

Before ALARCON, FERNANDEZ, and TASHIMA, Circuit Judges.

MEMORANDUM \*

The United States appeals the district court's dismissal of an indictment charging David Arnold Liefert with possession of a firearm after being convicted of a felony in Minnesota, and possession of a firearm after being convicted of a misdemeanor crime of domestic violence in Montana. *See* 18 U.S.C. § 922(g)(1), (9). We reverse and remand.

The district court determined that as to both count I and count II Liefert's right to possess a firearm had been restored by the states of Minnesota and Montana respectively. Were that so, the dismissal of the indictment would have been proper. *See* 18 U.S.C. §§ 922(g)(1), (9), 921(a)(20), (33)(B)(ii); *United States v. Meeks,* 987 F.2d 575, 578 (9th Cir.1993); *United States v. Gomez,* 911 F.2d 219, 220 (9th Cir.1990).

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

However, it is not so, and the dismissal must be reversed.

■ (1) With respect to count I, the district court noted that Minnesota did not add the crime for which Liefert was convicted—third degree assault—to the list of crimes for which a person is deprived of the right to possess firearms until after Liefert had committed his offense. The court reasoned that application of that law to him would be ex post facto and, therefore, unconstitutional. That was error. Laws of this type are not penal at all; they are regulatory in nature because they are designed to control present conduct and further the "substantial and legitimate safety interest in preventing the misuse of firearms." *United States v. Huss,* 7 F.3d 1444, 1448 (9th Cir.1993), *overruled on other grounds by United States v. Sanchez–Rodriguez,* 161 F.3d 556, 563–64 (9th Cir. 1998) (en banc). Minnesota, by the way, so construes its statute. *See State v. Foster,* 630 N.W.2d 1, 2 (Minn.App. 2001); *State v. Moon,* 463 N.W.2d 517, 520 (Minn. 1990). The district court relied on contrary Eighth Circuit authority. *See United States v. Davis,* 936 F.2d 352, 356 (8th Cir.1991). However, we have specifically rejected the reasoning in that case. *See Huss,* 7 F.3d at 1447.

Liefert finally asserts that to prosecute him would violate his due process rights because in light of *Davis,* our holding as we now do was unforeseeable. *See Bouie v. City of Columbia,* 378 U.S. 347, 352–55, 84 S.Ct. 1697, 1702–03, 12 L.Ed.2d 894 (1964). That simply is not so. If Liefert did propose to rely on existing case law, he should have taken note of the fact that there was a circuit split. *See United States v. Newman,* 203 F.3d 700, 703 (9th Cir.2000). More than that, he should have looked to *Huss* while he was in this circuit.[1]

■ (2) With respect to count II and the Montana conviction for misdemeanor domestic violence, the district court decided that Liefert's civil rights had been taken away and then restored. It is settled in this circuit that both events must have occurred if Liefert is to be removed from the reach of § 922. That is to say, if his rights were not taken away in the first place, they could not have been restored, and Liefert remained subject to § 922. *See United States v. Hancock,* 231 F.3d 557, 566–67 (9th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1641, 149 L.Ed.2d 500 (2001); *see also United States v.. Smith,* 171 F.3d 617, 623–24 (8th Cir. 1999).

The district court decided that Liefert's misdemeanor domestic violence conviction was within a Montana code section which deprives a person of the right to sit on a jury when he "has been convicted of malfeasance in office or any felony or other high crime." *See* Mont.Code Ann. § 3–15–303(2). Domestic violence, said the district court, is a "high crime." In reaching that conclusion it relied upon a statement of the Utah Supreme Court that "[t]he term 'high crime' as used in statutes such as this is generally understood to mean not only a serious offense, but one in which there is harm or injury directed against other persons and is thus a violation of the basic mores of society . . . ." *State v. Jones,* 17 Utah 2d 190, 193–94, 407 P.2d 571, 573 (Utah 1965). But in so doing, the district

---

1. The government asks us to consider whether Liefert is barred from challenging the application of the statute in this proceeding. However, it did not raise the issue in the district court, and we decline to consider it at this time. *See Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996); *Broad v. Sealaska Corp.,* 85 F.3d 422, 430 (9th Cir.1996).

court overlooked the remainder of the sentence, which continued as follows "e.g., robbery, burglary, larceny, embezzlement or some crime of a character which involves such moral turpitude or is so offensive to accepted standards of honesty or integrity that one guilty of such a crime is unfit for a public trust and should therefore be removed from public office." *Id.* We have searched widely and find no case which declares a misdemeanor assault offense (domestic or otherwise) to be a high crime. When courts have spoken to the question, they, like Utah, have pointed to crimes of corruption or dishonesty. *See Rubio v. Superior Court,* 24 Cal.3d 93, 102–03, 593 P.2d 595, 601, 154 Cal.Rptr. 734, 740 (1979); *Otsuka v. Hite,* 64 Cal.2d 596, 608, 414 P.2d 412, 421, 51 Cal.Rptr. 284, 293 (1966); *Perez v. State,* 11 S.W.3d 218, 219 (Tex.Crim.App.2000) (en banc). We predict that the Supreme Court of Montana would do the same. Thus, the district court erred when it declared that Liefert had lost his civil rights. That being so, we need not determine whether those rights would have been restored had they been lost in the first place. The district court erred.

REVERSED and REMANDED.