# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3679

_____

Anthony Joseph Mussehl,

        Appellant,

v.

Otis Zanders,

        Appellee.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: November 2, 2011
Filed:  January 11, 2012

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After Anthony Mussehl was convicted in Minnesota state court of four counts of possession of a firearm by an ineligible person, see State v. Mussehl, No. A08-0626, 2009 WL 1373925, at \*1 (Minn. Ct. App. 2009), he sought federal habeas corpus relief.  He now appeals the district court's[1] judgment denying his 28 U.S.C. § 2254 petition.  The district court granted Mussehl a certificate of appealability on the due process implications of the criminal trial court's refusal to allow him to

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

present evidence to explain why he did not believe he had a conviction making him ineligible to possess a firearm.

Following careful de novo review, see Chavez v. Weber, 497 F.3d 796, 801 (8th Cir. 2007), we agree with the district court that Mussehl was not denied due process, because the exclusion of certain evidence related to his belief that he could legally possess a firearm did not have a substantial and injurious effect on the outcome of his trial, see Fry v. Pliler, 551 U.S. 112, 121-22 (2007) (in § 2254 proceedings, court must assess prejudicial impact of alleged constitutional error in state-court criminal trial under "substantial and injurious effect" standard). Mussehl had a prior conviction for terroristic threats, a "crime of violence" under Minnesota law, for which he had ultimately been sentenced to a prison term of a year and a day, see Minn. Stat. § 624.713.1(b) (2006) (currently § 624.713.1(2)) (person convicted of crime of violence shall not be entitled to possess firearm); § 624.713.1(j)(1) (2006) (currently § 624.713.1(10)(i)) (person convicted of crime punishable by imprisonment for term exceeding one year shall not be entitled to possess firearm); § 624.712.5 (crime of violence includes terroristic threats); and he remained ineligible to possess a firearm even though his felony conviction was later modified to a misdemeanor, see Mussehl, 2009 WL 1373925, at *5; see also State v. Foster, 630 N.W.2d 1, 5 (Minn. Ct. App. 2001) (person convicted of felony--that by operation of law became misdemeanor--could be prosecuted under § 624.713 because prior conviction constituted "crime of violence" under § 624.712).

Accordingly, we grant Mussehl's motions to supplement the record with relevant portions of the state criminal record, and we affirm the judgment of the district court.

_____