**In re Jonathon E. STRUCKHOFF, Debtor.**

**Bankruptcy No. 98–53554–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Feb. 16, 1999.

Charles W. Riske, St. Louis, MO, Chapter 7 trustee.

Ross H. Briggs, Briggs Law Center, St. Louis, MO, for debtor.

#### ORDER

JAMES J. BARTA, Chief Judge.

The matter before the Court is the Trustee's Objection to the Debtor's Claim of Ex-

emption and Motion for Turnover. The Trustee objected to the Debtor's splitting of the exemption amount allowed pursuant to Rev.Stat.Mo. § 513.430(5) among more than one vehicle.

This is a core proceeding pursuant to Section 157(b)(2)(B) of Title 28 of the U.S. Code. The Court has jurisdiction over the parties in this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334 and Rule 9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri. These findings and conclusions are the final determinations of the Bankruptcy Court.

A hearing was held February 11, 1999. The Chapter 7 Debtor appeared by Counsel. The Trustee appeared personally.

It was the Trustee's position that the state statute allows exemption of only a single motor vehicle per debtor up to the dollar amount provided in the statute. The Trustee based his argument on a plain reading of the statutory language allowing the debtor to exempt "any motor vehicle" in comparison to the language of other provisions in the same statute that refer to plural items "any one or more unmatured life insurance policies", "household furnishings", or "any implements". See Mo.Rev.Stat. §§ 513.430(8), (1), (4) (1982). It was the Trustee's argument that the intent of the Congress, as expressed through the provisions of the bankruptcy code and state exemption statutes, is to give a debtor a "fresh start" but not a "head start", and that allowing the exemption to be applied to a single vehicle per debtor best effectuates that policy.

The Debtor argued for a more expansive reading of the word "any" to include more than one vehicle so long as the amount exempted does not exceed the statutory limitation.

No authority was cited to the Court for either position, and the Court's research did not locate a binding precedent in Missouri case law or Missouri bankruptcy cases. One Bankruptcy Court intimated in a footnote that the Missouri statute authorizes an exemption in only one motor vehicle. In an Adversary Proceeding involving a Chapter 13 debtor's complaint to set aside an alleged preference, the Court stated that the "wildcard" exemption under § 513.430(3) could not, as a matter of law, be allowed against a second automobile when the Missouri statutory scheme permitted an exemption for only one vehicle. See In re Annis, 78 B.R. 962, 967 n. 15 (Bankr.W.D.Mo.1987).

The Missouri exemption statute exempts from attachment and execution to the extent of any person's interest "any motor vehicle, not to exceed one thousand dollars in value". Mo.Rev.Stat. § 513.430(5) (1982).

▌ In this matter, the Court finds and concludes that the Trustee's position is the correct interpretation of the state law and is consistent with the Bankruptcy scheme of allowing a debtor to keep certain property that will facilitate a fresh start. Therefore, under Section 513.430(5), a debtor may be allowed to exempt his or her interest in only one motor vehicle not to exceed one thousand dollars in value. If the value of a debtor's interest in one motor vehicle is less than the statutory maximum, any unused portion of the maximum amount may not be applied to another motor vehicle or to other personal property. The question of the applicability of the "wildcard" exemption allowed at Section 513.430(3) was not specifically argued or submitted by these Parties and is not determined here. Therefore,

**IT IS ORDERED** that the Trustee's Objection to the Debtor's Claim of Exemption under Revised Missouri Statute § 513.430(5) is **sustained;** and that the Debtor's claim of an exemption in a second motorcycle is not allowed.

**IT IS FURTHER ORDERED** that the Trustee's Motion for Turnover is **granted** and that the Parties are to arrange for turnover of the agreed-upon non-exempt motorcycle at a mutually agreeable time and place. All other requests in this matter are denied.