**STATE of Minnesota, Appellant,**

v.

**Antonio Manuel TAYLOR, Respondent.**

**No. C3–98–1615.**

Court of Appeals of Minnesota.

March 16, 1999.

Review Denied May 18, 1999.

James Hankes, Ramsey County Public Defender, Thomas Handley, Jr., Assistant Ramsey County Public Defender, St. Paul, for appellant.

Michael A. Hatch, Minnesota Attorney General, Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant Ramsey County Attorney, Tamara L. McConkey, Assistant Ramsey County Attorney, St. Paul, for respondent.

Considered and decided by DAVIES, Presiding Judge, KLAPHAKE, Judge, and AMUNDSON, Judge.

## OPINION

AMUNDSON, Judge.

The state challenges a pretrial order requiring it to show that notice was given to respondent of his ineligibility to possess a shotgun pursuant to Minn.Stat. § 624.713 (1996). Defendant-respondent argues that the district court erred by denying respondent's motion to suppress evidence based on an illegal search and seizure. We affirm in part and reverse in part.

## FACTS

On December 7, 1997, police responded to a report of shots fired in a St. Paul home. The report also indicated that a male had a shotgun and was pointing it at a female. When officers investigated, an officer saw Antonio Taylor holding a long-barreled shotgun and racking it several times. Richard Taylor was also holding a shotgun and racking it. Both men then pointed the guns at the ceiling and floor. One of the men also pointed the shotgun at two women who were sitting on the couch in front of them. The

officers watched through a window as both men then walked to a window and one man reached out and placed the shotguns on the roof. The officers then entered the house and detained the occupants. The two 12–gauge shotguns slid off the roof of the house and were recovered by police.

An investigation revealed that Antonio Taylor had been adjudicated delinquent, for committing first-degree criminal sexual conduct on February 2, 1995. Because of this previous adjudication, Taylor was charged with unlawful possession of a firearm in violation of Minnesota Statute § 624.713 (1996).

The district court determined that notice is a required element of the offense and because Taylor was not given notice, he could not be convicted under the statute. The state counters that while no express notice was given to Taylor, ignorance of the law is not a defense to a charge of unlawful possession, and therefore the district court should be reversed.

## ISSUES

Did the district court err in its determination that the search and seizure did not violate respondent's constitutional rights?

Is notice of the ineligibility to possess a shotgun required pursuant to Minn.Stat. § 624.713?

## ANALYSIS

### I. Search and Seizure

■ Taylor's challenges the district court's denial of his motion to suppress evidence that violated his Fourth Amendment rights. Taylor argues that he was subject to an unconstitutional search and seizure because the officers had no right to enter the St. Paul home. The state counters that exigent circumstances existed.

■ Under the Fourth Amendment, searches conducted outside the judicial process without prior approval by a judge or magistrate are per se unreasonable, subject to a few exceptions. *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). "Courts are particularly reluctant to find exceptions to this rule in the context of a warrantless search or seizure in a home." *State v. Othoudt,* 482 N.W.2d 218, 222 (Minn.1992) (citing *Payton v. New York,* 445 U.S. 573, 586, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980)). To justify a warrantless entry and search of a home, the state has the burden of showing the existence of either (1) consent or (2) probable cause and exigent circumstances. *Id.* If such an entry is made without consent, or probable cause and exigent circumstances, its fruit must be suppressed. *State v. Paul,* 548 N.W.2d 260, 264 (Minn.1996) (citing *Wong Sun v. United States,* 371 U.S. 471, 484, 83 S.Ct. 407, 415–16, 9 L.Ed.2d 441 (1963)).

■ Exigent circumstances exist in cases of hot pursuit, danger to human life, imminent destruction of evanescent evidence, and possible flight of a suspect. *State v. Lohnes,* 344 N.W.2d 605, 610 (Minn.1984) (citations omitted).

The single exigent circumstance applicable to the facts of this case is the protection of human life. Because the evidence demonstrates that the officers were responding to reports of shots fired, and because officers saw two men with shotguns, one racking the weapon and pointing it at the ceiling and the floor, and the other racking the weapon and pointing it at women seated on the couch, we conclude that the protection of human life justified the warrantless search and seizure.

### II. Notice Exception

■ The interpretation of a statute is a question of law subject to de novo review. *Bol v. Cole,* 561 N.W.2d 143, 146 (Minn.1997). In Minnesota, "the legislature has exclusive province to define by statute what acts shall constitute a crime * * *." *State v. Soto,* 378 N.W.2d 625, 627 (Minn.1985).

■ The relevant parts of Minn.Stat. § 624.713 (1996) state:

Subdivision 1. Ineligible persons. The following persons shall not be entitled to possess a pistol or semiautomatic military-style assault weapon or, * * *, any other firearm:

. . (b) * * * a person who has been convicted of, or adjudicated delinquent or convicted as an extended jurisdiction juvenile

for committing, in this state or elsewhere, a crime of violence unless ten years have elapsed since the person has been restored to civil rights or the sentence or disposition has expired, whichever occurs first, and during that time the person has not been convicted of or adjudicated for any other crime of violence.

Subd. 3. Notice. (a) When a person is convicted of, or adjudicated delinquent * * * for committing, a crime of violence * * *, the court shall inform the defendant that the defendant is prohibited from possessing a pistol or semiautomatic military-style assault weapon for a period of ten years after the person was restored to civil rights or since the sentence or disposition has expired, whichever occurs first, and that it is a felony offense to violate this prohibition. The failure of the court to provide this information to a defendant does not affect the applicability of the pistol or semiautomatic military-style assault weapon possession prohibition or the felony penalty to that defendant.

The problem in the present case arises because the "any firearm" language, added to subdivision one, was not added to the notice provision in subdivision three when the legislature amended the statute in 1994. The notice requirement specifically provides that the court shall inform the defendant that he is prohibited from possessing a pistol or semiautomatic military-style assault weapon. The district court concluded that because subdivision three, the notice exception, was not amended in 1994, as was subdivision one, to include "any firearm," and because Taylor was not told of his ineligibility to possess a shotgun, the rule of lenity requires the statute be construed in favor of the accused.

 When interpreting a statute, a court must give effect to the intention of the legislature. *NewMech Co. v. Independent Sch. Dist.*, 540 N.W.2d 801, 806 (Minn.1995). Further, a court must follow the plain meaning of the words of a statute when they are sufficient in and of themselves to determine the purpose of the legislation and must reject a construction that leads to absurd or unreasonable results that utterly depart from the purpose of the statute. *Wegener v. Commissioner of Revenue*, 505 N.W.2d 612, 617 (Minn.1993) (citations omitted).

The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions.

Minn.Stat. § 645.16 (1996).

The legislature has amended this statute numerous times. Taylor argues that because of these legislative changes, if ineligible persons are prohibited from possessing "any firearm" under the statute, a question arises whether the notice provision still only applies to pistols or semiautomatic military-style assault weapons. But, despite these changes, the notice subdivision was never amended to reflect the addition of the "any firearm" language; it still only requires notice for ineligibility to carry a "pistol or semiautomatic military-style assault weapon." The notice subdivision does not include shotguns or firearms among the weapons requiring a prohibition notice.

Taylor argues that because the law must be construed to give effect to all provisions, subdivision one and three should be read together and, therefore, the notice subdivision should be interpreted to require the court to give him notice that he was prohibited from possessing a shotgun. Conversely, the state argues that if it was the legislature's intent to include shotguns under the notice subdivision, the legislature could have done so explicitly.

Interpreting the statute to give effect to all provisions and reading the unambiguous plain meaning of each subdivision, we find that subdivision one expressly applies to Taylor because he is a person adjudicated of a violent crime and he was in possession of a "firearm." However, subdivision three does not apply to Taylor because the notice subdivision does not include possession of a shotgun or a "firearm" among the violations requiring notice; therefore notice is not required.

## DECISION

Because we find an exigent circumstance existed, we conclude that the search and seizure was valid, and therefore the evidence of the shotguns need not be suppressed. Because we find that the shotgun was properly

admitted into evidence, we also address the statutory issue of notice and find that the plain meaning of Minn.Stat. § 624.713, subd. 3 (1996), does not require that notice be given to an individual adjudicated of a violent crime of his ineligibility to possess a shotgun.

**Affirmed in part and reversed in part.**