STATE of Minnesota, Appellant,

v.

Samuel Earl DENDY, Respondent.

No. C4–99–287.

Court of Appeals of Minnesota.

July 20, 1999.

Review Denied Sept. 28, 1999.

Mike Hatch, Attorney General, St. Paul, and Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant County Attorney, St. Paul, for appellant.

Ira W. Whitlock, Whitlock Law Office, St. Paul, for respondent.

Considered and decided by SHORT, Presiding Judge, PETERSON, Judge, and SHUMAKER, Judge.

## OPINION

SHUMAKER, Judge

The state challenges the trial court's dismissal of a criminal complaint charging unlawful possession of a shotgun by a person convicted of a drug offense. The trial court held that the prohibition does not apply to shotguns and that respondent never received the requisite notice of ineligibility to possess a firearm. We reverse and remand.

## FACTS

On November 5, 1998, St. Paul police officers executed a search warrant at Samuel Earl Dendy's home. When the officers searched between the mattress and box spring of the bed that Dendy and his wife shared, they found a 20–gauge shotgun and four shells. Because Dendy had convictions for cocaine possession in 1993 and 1995, the police believed that he was ineligible to possess a firearm, and they arrested him. Dendy told the police that the shotgun belonged to his wife.

The state charged Dendy with unlawful possession of a firearm in violation of Minn.Stat. § 624.713, subds. 1(b), 2 (1998). Dendy moved to dismiss the charge, arguing that the statutory prohibition does not apply to shotguns; that he had never received the requisite notice of ineligibility to possess a firearm; and that he did not possess the shotgun. The trial court granted Dendy's motion on the first two grounds but did not address the third. The state appealed.

## ISSUES

1. Does Minn.Stat. § 624.713, subd. 1, make a person convicted of drug offenses ineligible to possess a shotgun used for hunting?

2. Is a person who has been convicted of drug offenses entitled to notice of ineligibility to possess a shotgun under Minn. Stat. § 624.713, subd. 3?

## ANALYSIS

The statute Dendy is charged with violating provides:

> The following persons shall not be entitled to possess a pistol or semiautomatic military-style assault weapon, or * * * any other firearm:
>
> * * * a person who has been convicted of * * * a crime of violence * * *.

Minn.Stat. § 624.713, subd. 1(b) (1998). "Crime of violence" includes convictions under chapter 152, Minnesota Statutes, which defines drug crimes. Minn.Stat. § 624.712, subd. 5 (1998).

There is no dispute that Dendy's prior convictions were for chapter 152 offenses. But the trial court ruled that the ineligibility statute does not apply to possession of a shotgun. In support of its ruling, the trial court cited Minn.Stat. § 624.711 (1998). That law, enacted in 1975, is labeled "Declaration of Policy" and states:

> It is not the intent of the legislature to regulate shotguns, rifles and other long-guns of the type commonly used for hunting and not defined as pistols or semiautomatic military-style assault weapons * * *.

The trial court also apparently ruled that the state's failure to notify Dendy at the time of his convictions of his ineligibility to possess certain firearms required dismissal of the complaint. *See* Minn.Stat. § 624.713, subd. 3(a) (1998) (when person is convicted of crime of violence court shall inform person of ineligibility to possess certain firearms).

In a pretrial appeal, this court will reverse the trial court if the state demonstrates clearly and unequivocally that the trial court erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the trial. *State v. Kim,* 398 N.W.2d 544, 547 (1987). A ruling has critical impact if it significantly reduces the likelihood of a successful prosecution. *State v. Miller,* 586 N.W.2d 133, 137 (Minn.App.1998) (citing *Kim,* 398 N.W.2d at 551). Because the trial court dismissed the complaint, the critical impact test is met in this case. *State v. Varnado,* 582 N.W.2d 886, 894 n. 1 (Minn.1998); *see State v. Zanter,* 535 N.W.2d 624, 631 (Minn.1995) (holding that critical impact is shown when the suppression significantly reduces the likelihood of successful prosecution).

The interpretation of a statute is a question of law subject to de novo review. *Bol v. Cole,* 561 N.W.2d 143, 146 (Minn. 1997). In Minnesota, "the legislature has exclusive province to define by statute what acts shall constitute a crime * * *." *State v. Soto,* 378 N.W.2d 625, 627 (Minn. 1985). In interpreting and construing a statute, the primary objective of the court is to "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (1998). When construing a statute, courts are to look first at the specific statutory language and be guided by its "natural and most obvious meaning." *Heaslip v. Freeman,* 511 N.W.2d 21, 22 (Minn.App.1994), *review denied* (Minn. Feb. 24, 1994). Further, a court must reject a construction that leads to absurd or unreasonable results that utterly depart from the purpose of the statute. *Wegener v. Commissioner of Revenue,* 505 N.W.2d 612, 617 (Minn. 1993) (citations omitted).

### Applicability to Shotguns

When the legislature enacted the firearms ineligibility law, now codified at Minn.Stat. §§ 624.711; 624.713, subd. 1, in 1975, it declared its intent not to regulate shotguns used for hunting, and it specifically forbade persons convicted of crimes of violence from possessing *pistols.* 1975 Minn. Laws ch. 378, §§ 1, 3. In 1993, the legislature amended the law to prohibit possession of *semiautomatic military-style assault weapons,* in addition to pistols. 1993 Minn. Laws ch. 326, art. 1, §§ 22, 27. In 1994, the legislature amended the law to prohibit possession of *"any other firearm"* in addition to pistols and semiautomatic military-style assault weap-

ons. 1994 Minn. Laws ch. 636, art. 3, §§ 27, 28. However, the legislature did not amend its policy declaration in 1994.

 It cannot reasonably be disputed that a hunting shotgun is a firearm. In construing statutes, we must give words their common and approved usages, unless the statutes provide special technical definitions. Minn.Stat. § 645.08(1) (1998). Commonly understood, a firearm is a weapon "capable of firing a projectile and using an explosive charge as a propellant." *The American Heritage Dictionary of the English Language* 684 (3d ed.1992). *See also State v. Seifert*, 256 N.W.2d 87, 88 (1977) (term "firearm" should be defined broadly to include guns using gunpowder or newer types of projective propellants).

Thus, there appears to be a conflict between the policy declaration, first enacted in 1975 and now codified at Minn.Stat. § 624.711, that the legislature does not intend to regulate shotguns used for hunting, and the 1994 amendment prohibiting certain persons from possessing pistols, assault weapons, and any other firearm, which is now codified at Minn. Stat. § 624.713. The provisions contradict each other and therefore are irreconcilable. The conflict is resolvable through statutory interpretation:

> When, in the same law, several clauses are irreconcilable, the clause last in order of date or position shall prevail.
>
> When the provisions of two or more laws passed at different sessions of the legislature are irreconcilable, the law latest in date of final enactment shall prevail.

Minn.Stat. § 645.26, subds. 2, 4 (1998). The specific prohibition on possession of "any other firearm" is later in time than the law stating the legislative policy not to regulate hunting shotguns. The later provision controls and applies to Dendy.

**Notice**

Interpreting the ineligibility notice requirement of Minn.Stat. § 624.713, subd. 3, the court of appeals in *State v.*

*Taylor*, 590 N.W.2d 155, 158 (Minn.App. 1999), *review denied* (Minn. May 18, 1999), held that "the notice subdivision does not include possession of a shotgun or a 'firearm' among the violations requiring notice; therefore notice is not required." *Taylor* applies to Dendy and controls our decision as to notice.

### DECISION

A person convicted of drug offenses is ineligible to possess a shotgun used for hunting for the period designated by law and is not entitled to notice of such ineligibility at the time of conviction.

The trial court erred in dismissing the complaint.

**Reversed and remanded.**