**In re David J. GUYOT and Marian Carpenter–Guyot, Debtors.**

**Bankruptcy No. 99–42909.**

United States Bankruptcy Court, D. Minnesota.

Oct. 13, 1999.

Michael T. Kallas, Kallas & MacDonald, Ltd., Minneapolis, MN, for debtor.

Thomas E. Johnson, Minneapolis, MN, for Chapter 13 Trustee.

## ORDER REGARDING DEBTORS' EXEMPTIONS

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came on before the court for hearing on September 1, 1999, on the motion of the Trustee objecting to the Debtors' claimed exemption in certain life insurance policies. Tom Johnson appeared on behalf of the Trustee, and Michael Kallas appeared on behalf of the Debtors. Based upon the record before the court and the arguments of counsel, I make the following findings and conclusions.

Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on May 27, 1999. In Schedule C of their petition, the Debtors claimed as exempt eight separate life insurance policies. The relevant portion of the Minnesota exemption statute provides that the following shall be exempt:

> The debtor's aggregate interest not to exceed in value $4,000 [1] in any accrued dividend or interest under or loan value of any unmatured life insurance contract owned by the debtor under which the

---

1. This subdivision is one of several exemptions that are adjusted every two years.

Minn.Stat. § 550.37 Subd. 4a. Currently, the exemption limit is $7,200.

insured is the debtor or an individual of whom the debtor is a dependent.

Minn. Stat. § 550.37 Subd. 23.

■ The Trustee maintains that this provision permits a debtor to claim an exemption in a single life insurance policy, up to a value of $7,200. The Debtors contend that the statute permits them to exempt as many life insurance policies as they own, so long as the combined value does not exceed $7,200.

■ The object of interpreting the Minnesota exemption statute is to ascertain and effectuate the intention of the legislature. Minn.Stat. § 645.16. When construing a statute, courts are to look first at the specific statutory language and be guided by its most "natural and obvious meaning." *State v. Dendy*, 598 N.W.2d 4, 6 (Minn.App.1999). If the language chosen by the legislature is unambiguous, the language controls. *Hersh Properties, LLC v. McDonald's Corp.*, 588 N.W.2d 728, 735 (Minn.1999).

Based upon the arguments of the parties, an initial consideration of this subdivision suggests that the language is ambiguous. The subdivision at first refers to the "debtor's aggregate interest." Both Black's Law Dictionary and Webster's Third New International Dictionary state that "aggregate" means "collective" or "sum." Use of the word "aggregate," therefore, at least implies collecting together the value of multiple life insurance contracts. On the other hand, "any unmatured life insurance contract" is clearly singular, which would indicate that the debtor can only exempt one such contract.

Further examination, however, eliminates the ambiguity. A life insurance contract has any number of different values, so the debtor has a variety of interests in each such contract. Thus, the "debtor's aggregate interest" in any life insurance contract could refer to an aggregation of the debtor's interests in a single contract as well as to the debtor's interest in multiple contracts. Because the language is subject to more than one reasonable interpretation, this portion of the statute still appears to be ambiguous. *Amaral v. St. Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn. 1999).

In contrast, "any unmatured life insurance contract" must refer to one single life insurance contract in order to give the words their the most natural and obvious meaning. This portion of the subdivision is unambiguous. *See Amaral*, 598 N.W.2d at 384. The recent case of *In re Struckhoff*, 231 B.R. 69 (Bankr.E.D.Mo.1999), supports this conclusion. In that case, the court found that a Missouri statute allowing the debtor to exempt "any motor vehicle, not to exceed one thousand dollars in value" permitted the debtor to exempt only one motor vehicle—not multiple vehicles with an aggregate value of less than one thousand dollars. *Id.* at 70.

Therefore, in order to give proper effect to the unambiguous language "any unmatured life insurance contract," I must conclude that the "debtor's aggregate interest" refers to an aggregation of a debtor's various interests in a single life insurance contract. Such a construction eliminates any ambiguity in the language of the subdivision as a whole.

■ I must also interpret this subdivision in connection with the rest of statute. When interpreting a statute, the court must give effect to all of its provisions. Minn.Stat. § 645.16; *State v. Wagner*, 555 N.W.2d 752, 754 (Minn.Ct.App.1996). Another subdivision of this statute provides an exemption for pension and retirement plans "to the extent of the debtor's aggregate interest under *all* plans and contracts up to a present value of $30,000." Minn. Stat. § 550.37 Subd. 24 (emphasis added). Based on the difference between the language of these two subdivisions, I must make a distinction between the two. Allowing the Debtors to exempt *all* life insurance contracts up to a value of $7,200 would impermissibly render insignificant the disparate language of the two subdivi-

sions. *See Amaral,* 598 N.W.2d at 384. Indeed, implying the addition of the word "all" in the life insurance exemption would also impermissibly supply language that the legislature purposely omitted or inadvertently overlooked. *See State v. Jones,* 587 N.W.2d 854, 856 (Minn.Ct.App.1999); *see also In re J.M.,* 574 N.W.2d 717, 723 (Minn.1998) ("Canons of statutory construction militate against reading into statutory text a provision not already there.").

In order to give proper effect to both the language of the subdivision at issue and the statute as a whole, I find that the Debtors each may exempt only a single life insurance policy not to exceed $7,200 in aggregate value.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The Trustee's objection to the Debtors' claimed exemption in eight life insurance policies is SUSTAINED;

2. The Debtors may each select one life insurance policy to exempt in accordance with Minn.Stat. § 550.37 Subd. 23.

SO ORDERED.