James Patrick McDERMOTT, et al., Relators,

v.

MINNESOTA TEACHERS RETIREMENT FUND, Respondent.

No. C2-99-1678.

Court of Appeals of Minnesota.

May 9, 2000.

Roger J. Aronson, Rischmiller, Knippel & Aronson, Minneapolis, for relators.

Mike Hatch, Attorney General, Jon K. Murphy, Assistant Attorney General, St. Paul, for respondent.

Considered and decided by HALBROOKS, Presiding Judge, KALITOWSKI, Judge, and WILLIS, Judge.

## OPINION

HALBROOKS, Judge

Relators James Patrick McDermott and Robert John Gunderson challenge a decision by the Board of Trustees of the Minnesota Teachers Retirement Association (TRA Board) determining that the reemployed-annuitant earnings limitation set out in Minn.Stat. §§ 354.41, subd. 4b, 354.44, subd. 5 (1998), applies to relators' entitlement to receive retirement benefits from the Teachers Retirement Association (TRA). Relators argue that because their current employer, Education Minnesota (EdMn), does not employ "persons who are covered by the Minnesota teachers retirement association by virtue of that employment" as required by Minn.Stat. § 354.41, subd. 4b, relators may begin receiving retirement benefits while they continue their employment. We affirm the decision of the TRA Board.

## FACTS

Relators James McDermott and Robert Gunderson began working as teachers in the 1960s. In that capacity, they were eligible to participate in TRA.

TRA is a public retirement program for Minnesota's licensed public-school teachers. It also allows teachers who take a leave of absence to work for labor organizations that represent public-school teachers to continue their participation in the program. Minn.Stat. § 354.41, subd. 4(a) (1998).

After relators left their employment as teachers, they became employees of the Minnesota Federation of Teachers (MFT), a labor organization that represented public-school teachers and administrators. Because the MFT had no pension plan, relators elected to continue their participation in TRA while employed by the MFT.

On August 31, 1998, MFT merged with the Minnesota Education Association (MEA) to become EdMn. As a result, relators' MFT employment ended and they became employees of EdMn. EdMn has a privately-sponsored pension plan for employees and makes no contributions for employees who elect to remain in TRA. Thus, those employees and officers who elect to continue TRA participation are responsible for payment of both the employer and employee contributions.

For retirement purposes, TRA considered relators' employment with MFT to have terminated, making them eligible to begin receiving TRA benefits. TRA subsequently informed relators that if they applied for retirement and received TRA retirement benefits while employed by EdMn, their TRA benefits would be subject to the earnings limitation set forth in Minn.Stat. § 354.44, subd. 5 (1998).

Relators appealed this decision to the TRA Board. On June 21, 1999, the TRA Board heard their petitions and determined that the earnings limitation of Minn. Stat. § 354.44, subd. 5, applied to relators' employment with EdMn, because EdMn is an "entity employing persons who are covered by the Minnesota teachers retirement association by virtue of that employment." Minn.Stat. § 354.41, subd. 4b (1998). On October 1, 1999, relators petitioned for a writ of certiorari from this court to challenge the administrative decision of the TRA Board.

## ISSUE

Did the TRA Board err in concluding EdMn employs individuals who are TRA participants "by virtue of that employment" making relators subject to the reemployed-annuitant earnings limitation of Minn.Stat. § 354.44, subd. 5 (1998)?

## ANALYSIS

Determinations of the TRA Board are subject to review by writ of certiorari. Minn.Stat. § 354.071, subd. 9 (1998). We review the record to see whether the decision was "arbitrary, oppressive, unreasonable, fraudulent, under an erroneous theory of law, or without any evidence to support it." *Stang v. Minnesota Teachers Retirement Ass'n Bd. of Trustees*, 566 N.W.2d 345, 347 (Minn.App.1997).

The construction of the teachers' retirement statute is, however, a question of law, subject to de novo review by this court. *See Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). "Because the teachers' retirement statutes are remedial in nature, they are entitled to liberal construction to insure the beneficial purposes intended." *Stang*, 566 N.W.2d at 349 (citing *Mattson v. Flynn*, 216 Minn. 354, 361, 13 N.W.2d 11, 15 (1944)).

Further, when the meaning of the terms of a statute are in doubt, courts give great weight to the construction given by the body charged with administering the problem sought to be remedied by the statute.

*In re Twedt*, 598 N.W.2d 11, 13 (Minn.App. 1999) (citing *Mammenga v. State Dep't of*

*Human Servs.*, 442 N.W.2d 786, 792 (Minn.1989)), *review denied* (Minn. Sept. 28, 1999).

█ Here, the parties agree that the issue before the TRA Board and this court presents a question of law — whether under Minn.Stat. § 354.41, subd. 4b (1998), EdMn employs individuals who are TRA participants "by virtue of that employment" and are thus subject to the reemployed-annuitant earnings limitation of Minn.Stat. § 354.44, subd. 5 (1998). Minn. Stat. § 354.41, subd. 4b, provides:

> **Earning restrictions apply.** A retirement annuity is only payable, if the person has met any other applicable requirements, upon the termination by the person who elected coverage under subdivision 4 of employment by the labor organization. The reemployed annuitant earnings limitation set forth in section 354.44, subdivision 5, applies in the event that the person who elected coverage under subdivision 4 retires and is subsequently reemployed while an annuitant by the labor *organization or by any other entity employing persons who are covered by the Minnesota teachers retirement association by virtue of that employment.*

(Emphasis added.)

Relators argue EdMn does not "employ persons who are covered by the Minnesota teachers retirement association by virtue of that employment," and, therefore, they are not subject to the income limitation of Minn.Stat. § 354.44, subd. 5. In support of their argument, they point out that EdMn does not require any employee to remain a member of TRA and does not make the employer contribution for any of its employees. They also note that in contrast to Minn.Stat. § 354.41, subd. 4(a) (1998), which allows employees of MEA and MFT to remain members of TRA, there is not a statutory provision allowing members to remain in TRA because of their employ-

ment with EdMn. Finally, they argue EdMn employs persons who are participating in TRA by virtue of their previous employment with MFT, not as a result of their existing employment with EdMn.

In response, the state argues that other EdMn employees are continuing to participate in TRA and are accruing additional years of TRA service credit and making pension contributions on the basis of their employment and salary with EdMn, not their past employment with MFT. As a result of the participation of other EdMn employees in TRA, the origin of relators' TRA participation is not relevant. Moreover, the state contends relators' reading of the statute would make it inapplicable to anyone.

We conclude a plain reading of the statute supports the state's position and comports with the legislature's treatment of other TRA retirees who return to work for nonunion-TRA employers. *See State v. Taylor*, 590 N.W.2d 155, 158 (Minn.App. 1999) (stating courts "must follow the plain meaning of the words of a statute when they are sufficient in and of themselves to determine the purpose of the legislation and must reject a construction that leads to absurd or unreasonable results") (citation omitted), *review denied* (Minn. May 18, 1999). Relators indicated at the hearing before the TRA Board that other employees of EdMn are continuing to participate in TRA and are accruing additional years of TRA service credit and making pension contributions on the basis of their current employment and salary with EdMn. Thus, although past employment with MFT may have been the initial basis for their eligibility for participating in TRA, their continued accrual of benefits is a result of their current employment with EdMn. Thus, EdMn fits the definition of an "entity employing persons who are covered by the Minnesota teachers retirement association by virtue of that employment." Minn.Stat. § 354.41, subd. 4b.

Moreover, prior to the creation of EdMn, the legislature passed special legislation allowing the employees of MFT and MEA to remain members of TRA when the organizations merged. 1997 Minn. Laws 1st Spec. Sess. ch. 4, art. 7, § 56. It states in relevant part:

> Notwithstanding Minnesota Statutes, section 354.41, subdivision 4, a person who is a member of the teacher retirement association and is employed by the Minnesota federation of teachers or its affiliated branches within the state or by the Minnesota education association on July 1, 1997, may remain a coordinated member.

*Id.*

Thus, although the statute does not refer specifically to EdMn, the special legislation apparently contemplated its creation and was passed to allow MFT and MEA employees to continue their membership in TRA after the merger of the organizations.

Additionally, it appears that the intent of Minn.Stat. § 354.41, subd. 4(a) is to allow teachers who work for the teachers' union to receive the same retirement benefits as other teachers. Applying this rationale to the question of whether earnings restrictions apply, we conclude that they do. Under Minn.Stat. § 354.44, subd. 5, if a teacher retires and then resumes teaching for an employer unit subject to chapter 354, they are subject to earnings restrictions. Similarly, if a union employee participating in TRA retires and is later employed by an employer unit subject to chapter 354, he or she is subject to earnings restrictions. Minn.Stat. § 354.44, subd. 5. It is, therefore, logical that Minn. Stat. § 354.41, subd. 4b, provides the same earnings restrictions for union-employed TRA members who retire and are reemployed by unions as Minn.Stat. § 354.44, subd. 5, does for TRA members who retire and are reemployed by other employer units subject to chapter 354.

## DECISION

We conclude that under Minn.Stat. § 354.41, subd. 4b (1998), EdMn employs individuals who are TRA participants "by virtue of that employment." Therefore, if relators elect to begin receiving TRA retirement benefits while they are employed by EdMn they will be subject to the reemployed-annuitant earnings limitation of Minn.Stat. § 354.44, subd. 5 (1998).

**Affirmed.**