STATE of Minnesota, CITY OF MAPLE GROVE, Appellant,

v.

Pamela Jean BREUHL, Respondent.

No. C7–00–162.

Court of Appeals of Minnesota.

Aug. 1, 2000.

Review Denied Oct. 17, 2000.

Mike Hatch, Attorney General, St. Paul; and Steven M. Tallen, Tallen & Baertschi, Minneapolis, for appellant.

Timothy R. Anderson, Frederic Bruno & Associates, Minneapolis, for respondent.

Considered and decided by DAVIES, Presiding Judge, WILLIS, Judge, and HALBROOKS, Judge.

## OPINION

DAVIES, Judge.

The state challenges a pretrial order of the district court dismissing misdemeanor charges of careless driving, Minn.Stat. § 169.13, subd. 2 (1998), and inattentive driving, Minn.Stat. § 169.14, subd. 1 (1998). The charges had been dismissed six months earlier upon a finding that respondent was incompetent to assist in her own defense. Minn. R.Crim. P. 20.01, subd. 4(2). Because the district court erred in concluding that a rule 20.01 dismissal prevents the state from recharging a misdemeanor offense, we reverse.

## FACTS

Respondent Pamela Jean Breuhl, aged 34, was involved in a fatal traffic accident on April 30, 1998. Breuhl's car rear-ended another vehicle on I–494. She was driving 40 to 60 miles per hour and the driver of the other car was travelling about 20 miles per hour. The driver of the other car, who was not wearing a seat belt, was thrown from her vehicle into the path of an oncoming motorcycle, and killed. Breuhl may have been momentarily distracted by her stepdaughter's infant child. There was no evidence that drugs or alcohol were involved in the accident.

When Breuhl was first charged, both parties sought a rule 20 competency hearing because Breuhl was suffering depression and post-traumatic stress disorder, both arising from the accident. Based on the report of the court-appointed psychologist, the district court determined that Breuhl was at the time incapable of assisting in her own defense and dismissed the misdemeanor charges under Minn. R.Crim. P. 20.01, subd. 4.

Six months later, when the state recharged Breuhl, the district court again dismissed the charges, relying on Minn. R.Crim. P. 20.01, subd. 4(2).[1]

---

1. We note that the district court, in dismissing the charges against Breuhl, also relied on

## ISSUES

I. Does a prosecuting attorney have authority to recharge a misdemeanor offense against a defendant when the initial charge was dismissed because the defendant was incompetent to assist in her own defense?

II. Should respondent be awarded attorney fees and costs incurred in responding to this appeal?

## ANALYSIS

### I.

 Construction of a rule of procedure is a legal question, which an appellate court reviews de novo. *State v. Martin*, 591 N.W.2d 481, 484 (Minn.1999). It is a function of the judiciary, arising from the court's inherent judicial powers, to determine procedural matters. *State v. Nerz*, 587 N.W.2d 23, 24 (Minn.1998); *State v. Johnson*, 514 N.W.2d 551, 554 (Minn.1994); *see also* Minn.Stat. § 480.059, subd. 1 (1998) ("The supreme court shall have the power to regulate the pleadings, practice, procedure, and the forms thereof in criminal actions in all courts of this state, by rules promulgated by it from time to time.").

 When appealing a pretrial order, the state is required to demonstrate "clearly and unequivocally" that the district court erred in its judgment and that, unless reversed, the error will have a "critical impact" on the trial's outcome. *Martin*, 591 N.W.2d at 484. Dismissal of a complaint has a critical impact. *State v. Dendy*, 598 N.W.2d 4, 6 (Minn.App.1999), *review denied* (Minn. Sept. 28, 1999). This court must therefore determine whether the district court erred.

Minn.R. Crim P. 20.01 provides that criminal proceedings are to be suspended upon a finding of incompetency. When the case involves a misdemeanor, the court is directed to either institute a civil commitment proceeding or dismiss the case. Minn. R.Crim. P. 20.01, subds. 2(1), 4(2). When the charge is a felony or gross misdemeanor, the charge is to be suspended, not dismissed. *Id.* at subd. 4(2). With felonies and gross misdemeanors, the rule provides for continued court supervision while the case is suspended, including the receipt of regular reports on the defendant's mental condition from the institution or officer charged with the defendant's supervision. *Id.* at subd. 5. Felony proceedings may resume if the court finds the defendant competent to proceed within three years after the finding of incompetency. *Id.* at subds. 5, 6. Unless the defendant is charged with murder, the rule specifies that charges are to be dismissed three years after the finding of incompetency unless the prosecutor files written notice of an intent to prosecute. *Id.* at subd. 6. The rule, however, is silent as to whether a misdemeanor offense may be recharged.

The district court concluded that the doctrine of expressio unius, codified at Minn.Stat. § 645.19 (1998), supports an interpretation that later misdemeanor charges are precluded because the rule provides for straight dismissal of misdemeanors, in contrast with the continuing court supervision mandated for more serious crimes.

 The state, however, maintains that it may recharge the misdemeanor offenses against Breuhl because recharging is not specifically prohibited by the rules or applicable statutes. The state further as-

Minn.Stat. § 631.21 (1998). Charges dismissed under Minn.Stat. § 631.21 are generally not appealable by the state. *See, e.g., State, City of Crystal v. Kivi*, 554 N.W.2d 97, 100–01 (Minn.App.1996), *review denied* (Minn. Dec. 17, 1996). But section 631.21 applies to dismissal motions offered by the prosecutor or dismissal sua sponte by the court. Here,

the court was acting in response to a dismissal motion brought by Breuhl. Furthermore, the court made no other reference to the statute and the reasons provided for the decision in the court's memorandum are based solely on rule 20.01. We therefore limit our review to the dismissal under rule 20.01.

serts that public policy supports prosecutorial discretion to recharge misdemeanor offenses against a defendant whose prosecution has been delayed due to a temporary lack of competency. Breuhl responds that prohibiting misdemeanor offenses from being recharged reflects a reasonable decision to treat less serious crimes differently in the interest of fairness, finality, and simplicity, and to avoid expense and delay—goals set forth in Minn. R.Crim. P. 1.02.

We conclude the district court erred in ruling that the prosecuting attorney is without discretionary authority to recharge a misdemeanor offense under the circumstances of this case. First, jeopardy that would bar future charges did not attach during the initial proceeding. *See State v. Leroy,* 604 N.W.2d 75, 77 (Minn. 1999) (noting double jeopardy clauses of United States and Minnesota Constitutions bar second prosecution of same offense following acquittal); U.S. Const. amend. V ("nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb"); Minn. Const. art. I, § 7 ("no person shall be put twice in jeopardy of punishment for the same offense").

Second, although the legislature has directed that persons may not be tried for a crime while mentally ill or deficient, it has also declared that a person "shall not be excused from criminal liability" unless the person suffered from the mental illness or defect at the time of the crime. Minn.Stat. § 611.026 (1998). The lack of competency was not present at the time of the offense.

■ We hold that, under the rules and statutes of this state, a prosecutor has authority to recharge a previously dismissed misdemeanor offense against a defendant when the dismissal was based on a finding of incompetence under rule 20.01.

## II.

Breuhl moves for attorney fees and costs incurred in defense of this appeal. Based on the supporting documentation submitted by counsel and the awards made by this court in similar cases, we award $2,000, plus costs of $66.37. *See* Minn. R.Crim. P. 28.04, subd. 2(6) (defendants responding to pretrial prosecution appeals entitled to reasonable attorney fees and costs).

## DECISION

The district court's pretrial order dismissing misdemeanor careless and inattentive driving charges against respondent is reversed. Because neither the statutes nor the rules of criminal procedure prohibit the state from recharging these misdemeanor offenses, the district court erred in dismissing them.

**Reversed.**