**In re Kendall Craig SCOTT, and Kathy D. Scott, Debtors.**

**No. 05–20365–659.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Sept. 21, 2005.

Thomas F. Eagleton, St. Louis, MO, Office of the United States Trustee.

David A. Sosne, Summers, Compton, Wells & Hamburg, P.C., St. Louis, MO, trustee.

Fredrich J. Cruse, The Cruse Law Firm, Hannibal, MO, for debtors.

## ORDER

KATHY A. SURRATT–STATES, Bankruptcy Judge.

The matter before the Court is Trustee's Objection Claim of Exemptions ("Trustee's Objection"). Debtors Kendall and Kathy Scott ("Debtors") claim a vehicle exemption pursuant to Mo. Rev. Stat. § 513.430(5) in the amount of $6,000.00 for two vehicles: a 2001 Chrysler Sebring LX convertible ("Car") in the amount of $1,000.00 and a 2000 Chevrolet Silverado C 1500 extended cab pickup truck ("Truck") in the amount of $5,000.00. Trustee David A. Sosne ("Trustee") filed an objection to Debtors' allocation of the motor vehicle exemption among more than one motor vehicle. Trustee's other objections regarding lack of information on the ownership of the Car and Truck have been resolved. A hearing was held on August 25, 2005, as to Trustee's Objection. Debtors and Trustee appeared by counsel.

Debtors argue that the clause "in the aggregate" is silent and that the "s" was omitted from the term "vehicle" when Mo. Rev. Stat. § 513.430(5) was amended by the Missouri Legislature. Debtors therefore contend that the statute should be read so as to allow the exemption to be allocated among more than one vehicle. Trustee argues in the alternative that said exemptions are improper under *In re Struckhoff*, 231 B.R. 69, 70 (Bankr.E.D.Mo. 1999), which allows debtors to claim an exemption in only one motor vehicle within

the statutory maximum. The Court after considering the merits of each argument reaches a decision below.

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334 (2005), and Local Rule 81–9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (2005). Venue is proper under 28 U.S.C. § 1409(a) (2005).

 At issue here is the interpretation of the Missouri motor vehicle exemption statute. The State of Missouri has "opted out" of the federal scheme of exemptions as contemplated by 11 U.S.C. § 522(b). *In re Moss*, 258 B.R. 427, 431 (Bankr.W.D.Mo.2001). Appropriately, Missouri law will determine the outcome of this case. The Missouri motor vehicle exemption statute provides that "[t]he following property shall be exempt from attachment and execution to the extent of any person's interest therein: (5)[a]ny motor vehicle in the aggregate, not to exceed three thousand dollars in value." Mo. Rev. Stat. § 513.430(5) (2005).

 The Court's role in interpreting statutes "is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." *In re Boland*, 155 S.W.3d 65, 67 (Mo.2005) (citing *Landman v. Ice Cream Specialties, Inc.*, 107 S.W.3d 240, 251 (Mo.2003) (en banc)). "Statutory construction should not be hyper technical but instead should be reasonable, logical, and should give meaning to the statutes." *Id.*

In accord with these principles, the Missouri Legislature has enacted Mo. Rev. Stat. § 1.030 to clarify the ambiguity necessarily produced by the plural or singular use of statutory terms. Section 1.030 provides that, "2. [w]hen any subject matter, party or person is described or referred to by words importing the singular number or the masculine gender, several matters and persons, and females as well as males, and bodies corporate as well as individuals, are included." Mo. Rev. Stat. § 1.030(2) (2005). *See State ex rel. BJC Health Sys. & Christian Hosp. v. Neill*, 121 S.W.3d 528 (Mo.2003) (the word "corporation" in former Mo. Rev. Stat. § 355.176.4(1) includes the plural "corporations."); *see also State ex rel. Taylor v. Reorganized School Dist. R–3*, 257 S.W.2d 262 (Mo.Ct.App.1953) (statutory words that are singular in number are to be understood as including the plural unless otherwise specially provided or unless plainly repugnant to the intent of the legislature or to the context.)

Here, section 1.030 permits the word "vehicle" to include "vehicles" in the context and meaning of Section 513.430(5). In addition, the meaning given to "vehicle" in Section 513.430(5) modifies the clause "in the aggregate" and contemplates its logical application to more than one vehicle. Section 513.430(5) can therefore be read broadly to allow an exemption in more than one vehicle within the statutory maximum of $6,000.00. Consequently, Debtors may claim an exemption, allocated between the Car and Truck, up to $6,000.00. The Court's decision distinguishes the precedent of *In re Struckhoff* since *Struckhoff* was decided prior to the most recent amendment of section 513.430(5). Therefore,

**IT IS ORDERED THAT** Trustee's Objection to Claim of Exemptions in allocating the motor vehicle exemption among more than one motor vehicle is OVERRULED and Debtors may allocate their claimed exemptions between the Car and Truck within the statutory maximum pursuant to Mo. Rev. Stat. §§ 1.030(2) and 513.430(5).