**STATE OF MINNESOTA
IN COURT OF APPEALS
A24-1329**

Dave Knutson Siding LLC,
Respondent,

vs.

Dustin Fetter, et al.,
Defendants,

Lisa Thostenson,
Appellant.

**Filed April 7, 2025
Reversed and remanded
Larkin, Judge**

Hennepin County District Court
File No. 27-CV-24-7821

Kimberly Price, Minnesota Construction Law Services, PLLC, Roseville, Minnesota (for respondent)

Scott A. Peitzer, Brian M. Sund, Morrison Sund PLLC, Minnetonka, Minnesota (for appellant)

Considered and decided by Johnson, Presiding Judge; Larkin, Judge; and Schmidt, Judge.

**SYLLABUS**

Under Minn. R. Gen. Prac. 521(b)(1), an aggrieved party seeking to remove a case from conciliation court to district court must serve a demand for removal on every opposing party's counsel and on every opposing self-represented litigant. The rule does not require service of a demand for removal on self-represented parties who are not opposing parties.

**OPINION**

**LARKIN**, Judge

Appellant challenges the district court's determination that she did not perfect removal of a case from conciliation court to district court because she did not timely serve her demand for removal on her self-represented codefendants. We reverse and remand.

**FACTS**

Respondent Dave Knutson Siding LLC sued appellant Lisa Thostenson and defendants Dustin Fetter and Tom Strecker in conciliation court to obtain payment for siding work on Thostenson's home. Fetter and Strecker worked on the project. Thostenson filed a counterclaim against Knutson, alleging that her property was damaged during the siding work. Each of the parties was self-represented in conciliation court.

On April 19, 2024, the conciliation court ordered a monetary judgment for Knutson against Thostenson, Fetter, and Strecker. The conciliation court stayed entry of judgment until May 13, 2024, "to allow time for an appeal/removal if desired." On May 6, 2024, Thostenson filed a demand for removal from conciliation court to district court, served the demand on Knutson, and filed an affidavit of service with the district court. Thostenson's codefendants, Fetter and Strecker, did not file demands for removal, and Thostenson did not serve her demand for removal on them.

On May 20, 2024, the district court ordered Thostenson to "file [a]ffidavits of [s]ervice upon the other [d]efendants in accordance with [r]ule 521(b)(1)" within "fourteen (14) days from the date of this [o]rder . . . confirming that the [d]emand for [r]emoval or [a]ppeal has been served on the other [d]efendants" or the matter would be dismissed. On

2

May 21, 2024, Thostenson served the demand on Fetter and Strecker and filed an affidavit of service with the district court.

Knutson requested that the district court dismiss Thostenson's demand for failure to comply with the timing requirements of Minn. R. Gen. Prac. 521(b)(1). Knutson argued that Minn. R. Gen. Prac. 521(b)(1) required Thostenson to serve the demand upon every self-represented litigant within 21 days after the court transmitted notice of the judgment order. Knutson asserted that, because Thostenson did not timely serve her demand for removal on Fetter and Strecker, she did not perfect removal.

The district court concluded that Thostenson did not comply with the requirements of Minn. R. Gen. Prac. 521(b)(1) because she did not serve "'every opposing counsel or self-represented litigant'" within 21 days from transmission of notice of the judgment order. Thus, the district court denied Thostenson's demand for removal, and judgment was entered dismissing the district court matter.

Thostenson appeals.[1]

## ISSUE

Did the district court err by determining that Thostenson did not comply with the service requirements of Minn. R. Gen. Prac. 521(b)(1)?

---

[1] Knutson did not file a brief in this appeal. Instead, Knutson filed a letter with this court stating that it "will not further participate in this appeal and will not attend the requested oral argument." We ordered that the appeal be scheduled for oral argument by Thostenson only and that the case be determined on the merits under Minn. R. Civ. App. P. 142.03.

## ANALYSIS

Under Minn. R. Gen. Prac. 521(a), "[a]ny person aggrieved by an order for judgment entered in conciliation court after contested trial may remove the cause to district court for trial de novo (new trial)." To perfect removal, an aggrieved party must comply with several procedural steps "within 21 days after the date the court administrator transmitted to that party notice of the judgment order." Minn. R. Gen. Prac. 521(b). At issue here is the requirement that the aggrieved party "[s]erve a demand for removal of the cause to district court by first class mail *upon every opposing counsel or self-represented litigant*." Minn. R. Gen. Prac. 521(b)(1) (emphasis added).

Thostenson argues that the district court misapplied Minn. R. Gen. Prac. 521(b)(1) by requiring her to serve her demand for removal on her self-represented codefendants, Fetter and Strecker, because they are not "opposing" self-represented litigants. Thostenson identifies the sole issue in this appeal as "the scope of the word 'opposing'" in rule 521(b)(1); specifically, whether "opposing" modifies only "counsel" or also modifies "self-represented litigant." Thus, we are asked to determine whether Minn. R. Gen. Prac. 521(b)(1) requires an aggrieved party to serve a demand for removal on every self-represented litigant in a conciliation court matter or only on "opposing" self-represented litigants. Thostenson notes that the issue is one of first impression.

"The interpretation of procedural rules presents a question of law reviewed de novo." *Zirnhelt v. Carter*, 843 N.W.2d 270, 274 (Minn. App. 2014). The Minnesota Supreme Court has stated that "certain principles of statutory construction, e.g., plain

4

language, may be helpful when interpreting court rules." *Vandenheuvel v. Wagner*, 690 N.W.2d 753, 755 n.1 (Minn. 2005).

If statutory language is unambiguous, we apply its plain meaning. *State v. Culver*, 941 N.W.2d 134, 139 (Minn. 2020). Language is ambiguous if it is subject to more than one reasonable interpretation. *State v. Riggs*, 865 N.W.2d 679, 682 (Minn. 2015).

In determining whether a statute is ambiguous, we may look to the canons of interpretation in Minn. Stat. § 645.08 (2024). *State v. Velisek*, 986 N.W.2d 696, 700 (Minn. 2023). When interpreting statutory language, "words and phrases are construed according to rules of grammar and according to their common and approved usage." Minn. Stat. § 645.08(1). And a statute is "to be read and construed as a whole so as to harmonize and give effect to all its parts." *State v. Friese*, 959 N.W.2d 205, 212 (Minn. 2021) (quotation omitted).

Applying those principles here, we first determine whether the plain language of rule 521(b)(1) is ambiguous, that is, whether it is subject to two reasonable interpretations. Again, the relevant language is: "every opposing counsel or self-represented litigant." Minn. R. Gen. Prac. 521(b)(1). We are presented with two possible interpretations of that language: Thostenson's interpretation (i.e., as to self-represented litigants, only "opposing" litigants must be served) and the district court's interpretation (i.e., all self-represented litigants must be served).

The district court read the rule as requiring service on Thostenson's opposing counsel *and* every self-represented litigant. But a court normally interprets the conjunction "or" as disjunctive, not conjunctive. *Goldman v. Greenwood*, 748 N.W.2d 279, 283 (Minn.

2008).  In other words, only one of the possible factual situations linked by the "or" must be present.  *Thompson v. Schrimsher*, 906 N.W.2d 495, 499 (Minn. 2018).

Interpreting "or" as disjunctive here is consistent with other provisions of the Minnesota Rules of General Practice that treat "counsel" and a "self-represented litigant" the same.  For example, if "a document is to be served on a party under these rules, service shall be made on the party's lawyer if represented, otherwise on the self-represented litigant directly."  Minn. R. Gen. Prac. 1.03.  In addition, "[w]henever these rules require that an act be done by a lawyer, the same duty is required of a self-represented litigant."  Minn. R. Gen. Prac. 1.04.  Thus, "counsel" and "self-represented litigant" describe two equivalent alternatives joined by "or."  Applying "opposing" to both "counsel" and "self-represented litigant" maintains this equivalency and supports our customary interpretation of the word "or" as a disjunction.

In addition, applying "opposing" to both "counsel" and "self-represented litigant" harmonizes other provisions of rule 521 and avoids unreasonable results.  *See State v. Dendy*, 598 N.W.2d 4, 6 (Minn. App. 1999) (stating that courts reject a construction that leads to unreasonable results), *rev. denied* (Minn. Sept. 28, 1999).  For example, Minn. R. Gen. Prac. 521(b)(2) states that, to effect removal, an aggrieved party must "[f]ile with the court administrator . . . the original demand for removal with proof of service."  Rule 521(b)(2) alternatively authorizes an aggrieved party to file an affidavit "in lieu of making service and filing proof of service."  The affidavit in lieu of service must show "that after due and diligent search *the opposing party or opposing party's lawyer* cannot be located."  Minn. R. Gen. Prac. 521(b)(2) (emphasis added).  But rule 521(b)(2) does not authorize

6

use of an affidavit in lieu of service if a non-opposing party cannot be located, suggesting that service on a non-opposing party is not necessary.

As Thostenson argues, "[i]t would make little sense for the rule to permit parties to file [an affidavit in lieu of service] when they cannot locate and serve their opponent but not when they cannot locate an unrepresented coparty." Rule 521(b)(2)'s allowance of an affidavit in lieu of service makes the most sense if "opposing" in paragraph (b)(1) is read consistently with paragraph (b)(2) and modifies "self-represented litigant," such that service on a non-opposing self-represented litigant is not required. Absent that construction, an aggrieved party may not be able to perfect removal in a case in which a non-opposing party cannot be located. That result would be unreasonable.

Our conclusion is buttressed by another provision of rule 521, which states that once removal is perfected, "the court shall issue an order vacating the order for judgment in conciliation court as to the parties to the removal." Minn. Gen. R. Prac. 521(d). The advisory committee comments to rule 521(d) state that the rule was intended "to clarify its application in a situation where one of several co-parties (either co-plaintiffs or co-defendants) removes (appeals) a conciliation court decision while another co-party does not take that action." Minn. R. Gen. Prac. 521 2004 advisory comm. cmt. The comment further states that the "committee believes that the conciliation court judgment should become final against any party who does not remove the case and in favor of any party against whom removal is not sought." *Id.* Because a conciliation court judgment is final as to a coparty who does not remove the matter, it is unreasonable to interpret rule 521(b)(1)

7

to require service on a coparty—especially when rule 521(b)(2) does not authorize an affidavit in lieu of service on a non-opposing coparty who cannot be located.

Once again, we read and construe rule 521 "as a whole so as to harmonize and give effect to all its parts." *See Friese*, 959 N.W.2d at 212 (quotation omitted). And we reject a construction that leads to unreasonable results. *See Dendy*, 598 N.W.2d at 6. An interpretation of rule 521(b)(1) that does not apply "opposing" to modify "self-represented litigant" leads to unreasonable results under rule 521 as a whole. We therefore reject it and conclude that the only reasonable interpretation of rule 521(b)(1) applies "opposing" to both "counsel" and "self-represented litigant." Thus, the language of the rule is unambiguous. *See Riggs*, 865 N.W.2d at 682.

We therefore hold that under Minn. R. Gen. Prac. 521(b)(1), an aggrieved party seeking to remove a case from conciliation court to district court must serve a demand for removal on every opposing party's counsel and on every opposing self-represented party. The rule does not require service of a demand for removal on self-represented parties who are not opposing parties.

In this case Fetter and Strecker are self-represented litigants, but they are not opposing parties to Thostenson. Instead, they are codefendants, whose rights and liabilities in relation to Thostenson have not been determined. *See Bunge v. Yager*, 52 N.W.2d 446, 451 (Minn. 1952) (stating that "where action is not taken to bring [coparties] into an adversary relationship, their rights and liabilities as against each other are not

8

determined").[2]  Because Fetter and Strecker were not Thostenson's opposing parties, she was not required to serve her demand for removal on them.

## DECISION

Because Thostenson properly removed the matter to district court, we reverse and remand for further proceedings in district court consistent with this opinion.

**Reversed and remanded.**

---

[2] The rules governing conciliation court matters expressly authorize only two types of conciliation court claims:  a claim and a counterclaim.  *See* Minn. R. Gen. Prac. 505 (stating that "[a]n action is commenced against a defendant when a statement of claim . . . is filed with the court administrator of the conciliation court"), 507 (governing contents and verification of statement of claim and counterclaim), 509(a) (stating that "[t]he defendant may assert a counterclaim . . . which the defendant has against the plaintiff").  The relevant rules do not mention—much less authorize—cross-claims.  Regardless, the codefendants in this case did not bring any cross-claim against each other.